(12 Misc. Rep. 389.)

### PEOPLE ex rel. JONES v. BAKER.

(Circuit Court, Albany County. May 9, 1895.)

1. STATUTES—OPERATION AND EFFECT—CIVIL SERVICE LAW.
     Laws 1892, c. 577, providing that no veteran volunteer fireman who holds a position by appointment in "any city" in the state shall be removed from such position except for cause shown, operates in every city in the state.

2. OFFICE AND OFFICER—REMOVAL—VOLUNTEER FIREMEN.
     A street superintendent appointed by the street commissioner under Albany City Charter (Laws 1883, c. 298), tit. 12, § 1, which provides that street superintendents shall hold their places during the pleasure of the commissioner, and shall perform such service as the commissioner may direct, holds a "confidential relation" to the commissioner, within Laws 1892, c. 577, declaring that its provisions in favor of veteran volunteer firemen shall not apply to any person "holding a confidential relation to appointing officer."

Proceeding by Isaac Jones against John H. Baker, to determine relator's right to the office of superintendent of streets, his claim being that, as a veteran volunteer fireman, he was entitled to the benefit of Laws 1892, c. 577. Judgment for defendant.

John A. Delehanty, for plaintiff.
William P. Rudd, for defendant.

LANDON, J.   The charter of the city of Albany (Laws 1883, c. 298, tit. 12, § 1) provides that:

"The street commissioner * * * shall appoint two superintendents of streets, * * * who shall hold their places during the pleasure of the commissioner, and shall perform such services as the commissioner may direct."

In June, 1886, the relator, Jones, was appointed one of the superintendents of streets of the city of Albany, and, by virtue of such appointment and subsequent appointments, continued to hold such position until September 27, 1894, when the street commissioner, assuming to act in pursuance of the provision of the charter above quoted, undertook to remove him, and if such provision of the charter was not superseded or repealed by chapter 577, Laws 1892, hereafter quoted, did remove him, and did appoint the defendant, Baker, in his place.   Since September 27, 1894, the defendant has exercised the duties of said office, and the relator has not been permitted to exercise them.   Prior to his appointment as superintendent of streets, the relator had been a member of the volunteer fire department of the city of Albany, and had served therein the time required by law, and had been honorably discharged.

Chapter 577 of the Laws of 1892 provides that:

"No person holding a position by appointment in any city or county of this state, or who may hereafter be appointed, receiving a salary from such city or county (unless he has been appointed for a definite term), who * * * shall have served the time required by law in the volunteer fire department of any city, town or village in this state, * * * shall be removed from such position except for cause shown, after a hearing had; but this provision shall not be construed to apply to the position of private secretary, or chief clerk, or deputy of any official or department, or to any other person holding a confidential relation to the appointing officer."

If this act governs the case, then the relator, Jones, was not lawfully displaced, and is entitled to the office, and the defendant is not entitled to it.

I think it was intended by chapter 577, Laws 1892, to prevent the removal, "except for cause, after a hearing had," of the particular persons, favorably designated in the act, holding a position by appointment in the city of Albany for no definite term, and receiving a salary from the city.   It is true that the general rule is that the provisions of a late general law do not repeal the provisions of an earlier special act, enacted for a particular place and purpose, unless the intent to repeal is manifest in the general act.   But it is manifest, I think, from the act of 1892 itself, that it was intended to operate in every city of the state.   If not in Albany, then why in any other city?   Albany is as plainly designated as any other.   The act was intended to apply to every officer holding by appointment, and coming within the unexcepted specified conditions of the act.

The important question is whether the superintendent of the streets of Albany falls within any of the conditions which except the officer from the special favors of the act itself.   The relator was appointed for no definite term; for, if the appointment was to hold during the pleasure of the commissioner, the duration of that pleasure has no time limit of continuance.   If the provision of the charter "during the pleasure of the commissioner" was superseded by

the act of 1892, then his appointment was during good behavior, and that is equally without a definite time limit.

The act of 1892 contains this exception:

"But this provision shall not be construed to apply to the position of private secretary, or chief clerk, or deputy of any official or department, or to any other person holding a confidential relation to the appointing officer."

Plainly, the private secretary, chief clerk, and deputy of an official were regarded by the framers of the act as holding a confidential relation to the officer appointing them; and since there might be other officers holding similar confidential relations, but not readily or fully mentionable, the final general clause was intended to embrace them all.

It is important to understand what relations the superintendent of streets holds to the commissioner of streets. The provision of the charter already quoted defines them thus: He "shall perform such services as the commissioner may direct." The commissioner of streets has very large powers in regard to placing and keeping the streets, parks, outdoor public places, and public sewers in the city in good condition and repair. The commissioner may be called the "director," the superintendents the "performers" of his directions, in respect to these duties. Where we speak of one officer as the deputy of another, we mean that one is deputed to act in the name and right of the other, like an agent for his principal. Doubtless, we are apt to think that whatever the principal can do his deputy can also do. We should also think so in this case if, instead of naming the subordinate officer a superintendent of streets, he had been named deputy commissioner. But clearly whatever the commissioner directs the superintendent to do he could do himself if he chose to do it, and he cannot direct him to do anything which he might not rightfully do himself, so that in giving the superintendent directions he deputes him to perform some part of his own functions, and to that extent the superintendent is the commissioner's deputy. Why is it that the statute does not specify the services which the superintendent is to perform, and furnishes him with no chart of duty, except the directions of the commissioner? Plainly, in order that the commissioner should be responsible to the people, and the superintendents to the commissioner, to that end the relations between the commissioner and his superintendents may be as confidential as the nature of the case and the personal qualities of the officials will admit; certainly not less confidential than the relation of a private secretary or a chief clerk. The evidence as to the practical administration of the duties of the department tends to show the intimate relations which the superintendents hold to the commissioner. The case of the People v. Armbruster, 59 Hun, 586, 13 N. Y. Supp. 942, is much like this, and may be cited as authority for the conclusion here announced.

Judgment is directed for the defendant, with costs.