(69 Misc. Rep. 36.)

PEOPLE ex rel. QUA v. GAFFNEY.

(Supreme Court, Special Term, Saratoga County. September, 1910.)

1. MUNICIPAL CORPORATIONS (§ 203*)—CIVIL SERVICE—CLASSIFIED SERVICE—STREET SUPERINTENDENT.

The street superintendent of the village of Saratoga Springs deriving his appointment from the sewer, water, and street commissioner, and being expressly placed under the direction and control of such commissioner by Laws 1902, c. 506, § 11, he is not the head of any department of the village government, and hence is within the classified branch of the civil service of the state, under Civil Service Law (Consol. Laws, c. 7) § 9, relating to unclassified and classified service.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 550; Dec. Dig. § 203.*]

2. MUNICIPAL CORPORATIONS (§ 203*)—CIVIL SERVICE—VETERAN PREFERENCE.

Civil Service Law (Consol. Laws, c. 7) § 12, classifies the positions in the classified service of the state as the exempt class, the competitive class, the noncompetitive class, and, in cities, the labor class. Section

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

13 provides that there shall be included in the exempt class the deputies of principal executive officers, authorized by law to act generally for their principals. Section 21 gives veterans of the Civil War preferences of appointment to positions in the competitive and noncompetitive classes. Section 13 provides that no position shall be deemed to be in the exempt class, unless it is specifically named in such class in the rules, and the reasons for each such exemption shall be stated separately in the annual reports of the commission. The office of street superintendent has not been specifically exempted by the state civil service commission, but has been placed in the competitive list of the classified service. *Held* that, such position belonging to the classified service, it is either in the competitive or noncompetitive branch thereof, so that, in making an appointment to such position, the preference of a Civil War veteran must be recognized.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 203.*]

Mandamus by the People, on relation of Ransom Qua, against John E. Gaffney, as Sewer, Water, and Street Commissioner. Writ granted.

Edgar T. Brackett and Luther A. Wait, for relator.
Slade, Harrington & Goldsmith, for respondent.

H. T. KELLOGG, J. The street superintendent of the village of Saratoga Springs derives his appointment from the sewer, water, and street commissioner, and is expressly placed by statute "under the direction and control" of such commissioner. Laws 1902, c. 506, § 11. He is, therefore, not a head of any department of the village government. People ex rel. Tate v. Dalton, 34 App. Div. 6, 53 N. Y. Supp. 1047; Murray v. City of New York, 60 App. Div. 541, 69 N. Y. Supp. 959. Not being a head of a department, he clearly falls within the classified branch of the civil service of the state. Civil Service Law (Consol. Laws, c. 7) § 9.

The classified service is arranged in four classes, designated as the exempt class, the competitive class, the noncompetitive class, and, in cities, the labor class. A veteran of the Civil War is entitled to preference of appointment only to a position in the competitive or noncompetitive class. If the position be in the exempt class, he has no preference. Civil Service Law, §§ 12, 13, 21. It is provided that there shall be included in the exempt class "the deputies of principal executive officers authorized by law to act generally for and in place of their principals." It would seem, therefore, that the office of street superintendent, as a deputy to the commissioner, should be included in the exempt class. People ex rel. Jones v. Baker, 12 Misc. Rep. 389, 34 N. Y. Supp. 49; People ex rel. Rossney v. Armbruster, 59 Hun, 586, 13 N. Y. Supp. 942. The civil service law, however, provides that:

"No office or position shall be deemed to be in the exempt class unless it is specifically named in such class in the rules, and the reasons for each such exemption shall be stated separately in the annual reports of the commission."

The state civil service commission has not specifically exempted the office of street superintendent, but, on the contrary, has placed it in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the competitive class of the classified service. The express provision of the statute that an office shall not belong to the exempt class, unless expressly so ordered by the commission, necessarily leaves the office of street superintendent of Saratoga Springs, since it belongs to the classified service, either in the competitive or noncompetitive branch thereof. As before shown, the preference of a veteran in both these classes must be observed.

Whatever, therefore, may have been the duty of the civil service commission as to the exemption and classification of the office under consideration, the fact remains that it has not been exempted; that it therefore belongs in the competitive or noncompetitive class, that it has in fact been placed by the commission in the competitive class, and that the name of the relator has, after a competitive examination, been certified to the sewer, water, and street commissioner for appointment as an eligible person therefor and one entitled to a preference as a veteran of the Civil War. Under such circumstances it was the duty of the commissioner to appoint the relator to the office of street superintendent of Saratoga Springs. People ex rel. Mullen v. Sheffield, 24 App. Div. 217, 48 N. Y. Supp. 796.

The relator is therefore entitled to the writ prayed for.

Application granted.