Donald S. Taylor, J.
In this proceeding instituted pursuant to article 78 of the Civil Practice Act petitioners seek an order requiring the respondent State Civil Service Commission fully to approve a classifying resolution adopted by the personnel officer of the County of Brie. The resolution placed the position of the County Fire Coordinator of this county in the unclassified service and that of his deputy in the exempt class. Further relief of an implemental nature is also sought.
By section 225-a of the County Law (added by L. 1952, ch. 297, § 3; amd. by L. 1957, ch. 53, eff. March 12,1957; amd. by L. 1957, ch. 348, eff. April 11, 1957) the Legislature empowered the local legislative body of any county of the State in its discretion to establish the office of County Fire Coordinator “ [i]n order to develop and maintain programs for fire training and mutual aid in cases of fire and other emergencies in which the services of firemen would be used and to cooperate with the state division of safety in furthering such programs ” (subd. 1).
Subdivision 3 of the section directs the Board of Supervisors of the county to appoint a County Fire Coordinator after the office is established and imposes on him the duty ‘ ‘ to administer the county programs for fire training and mutual aid in cases of fire and other emergencies in which the services of firemen would be used; to act as a liaison officer between the board of supervisors and the county fire advisory board and the fire fighting forces in the county and the officers and governing boards or bodies thereof; and to perform such other duties as the board of supervisors shall prescribe.” He is named a county officer in the statute.
Availing itself of the permissive grant of power, the Board of Supervisors of Erie County established the office of County Fire Coordinator and appointed the petitioner Becker to this position. It created also the position of Deputy County Fire Coordinator to which the County Fire Coordinator appointed the petitioner Leary. In pursuance of his duties as personnel officer of the County of Erie, the petitioner Neff, after a public hearing, adopted a resolution placing the position of County Fire Coordinator in the unclassified service and that of Deputy County Fire Coordinator in the exempt class. The respondent *85 commission disapproved these classifications on the basis that the positions require knowledge and skills which can be and have been tested by competitive examination.
The question presented by the proceeding is whether the Legislature intended the Board of Supervisors to create a new and separate unit of county government and to constitute the County Fire Coordinator its head.
The statute does not make the office of County Fire Coordinator a division or bureau of any existing department. It contemplates that it be an independent branch of county government concerned with the development and maintenance of fire training and mutual aid programs. It is equally manifest that the effect of the statute is to constitute the County Fire Coordinator the head of the newly created independent department. The duties of the position which the statute prescribes — the prime test formulated by the decisions to determine whether a particular person is a department head or a subordinate officer — establishes his autonomous status. His statutory assignments are not those of a subordinate officer performed at the discretion and will of a principal. It is abundantly clear that the Legislature has vested him with unfettered authority to direct and control the operation of an independent county department.
Moreover, the record demonstrates that since his appointment the County Fire Coordinator in actual performance has transacted the affairs of the department through its own personnel and with a freedom not accorded a subordinate officer or employee. The Board of Supervisors provides him with a separate departmental budget and so characterizes it. He submits an extensive annual report as required by its rules. In addition to his deputy, the department which he heads employs a radio supervisor, two radio technicians, a senior clerk-stenographer, a building maintenance mechanic and some part-time temporary employees. Its budget for the year 1958 amounted to $34,800 for personal services. He is responsible for the supervision and maintenance of a county fire radio system valued in excess of $800,000, for the operation of buildings and equipment used in connection therewith and for the maintenance of eight county-owned vehicles including fire fighting apparatus. While the Board of Supervisors may direct that he perform such other duties as it shall prescribe and the County Fire Advisory Board may act as a body advisory to him, neither in any way directs or controls his administration of the department and his status as its head under the provisions of the statute is not thereby altered.
*86 Since former section 9 of the Civil Service Law (applicable to this proceeding pursuant to present section 185 thereof) places the head of any department of the government in the unclassified service, the position of County Fire Coordinator was categorized properly by the personnel officer. He was also correct in placing the position of Deputy County Fire Coordinator in the exempt class of the civil service. (County Law, § 225-a [subd. 4], § 401; Civil Service Law, § 13, subd. 1.)
The practical construction of the statute by the respondent commission which is of relatively short duration, while entitled to considerable weight, is not controlling on the court which is the final arbiter of the Legislature’s intent. (Ferraiolo v. O’Dwyer, 302 N. Y. 371, motion for reargument. denied 302 N. Y. 841; Matter of Rosenbluth v. Finkelstein, 300 N. Y. 402; Lawrence Constr. Corp. v. State of New York, 293 N. Y. 634; Matter of Davison, 137 Misc. 852, affd. 236 App. Div. 684; Feickert v. McGoldrick, 119 N. Y. S. 2d 301.)
In my view the administrative determination is without warrant in the record, a reasonable basis in law and must be regarded as arbitrary. It follows that the petitioners are entitled to the relief sought. (Roosevelt v. Draper, 23 N. Y. 318, 329; Murray v. City of New York, 60 App. Div. 541, 544; People ex rel. Tate v. Dalton, 34 App. Div. 6; Matter of Smith v. Board of Stadium & Mem. Auditorium, 197 Misc. 529; Matter of McLaughlin, 124 Misc. 766; People ex rel. Qua v. Gaffney, 69 Misc. 36; Matter of Holt, 127 N. Y. S. 2d 671, 674; 1937 Atty. Gen. 333; 1935 Atty. Gen. 419; 1909 Atty. Gen. 581.)
The respondent commission’s claim that the proceeding was not timely commenced is without merit. (Civ. Prac. Act, § 1286; Matter of Abramson v. Commissioner of Educ., 1 A D 2d 366; Matter of Flaherty v. Marsh, 268 App. Div. 380.)
Settle order on notice of five days.
The motion papers will be forwarded with the signed order.