■ In the Matter of DONALD M. NEFF et al., Respondents, against ALEXANDER A. FALK et al., Constituting the Civil Service Commission of the State of New York, Appellants.— Appeal from an order of the Supreme Court in a proceeding under article 78 of the Civil Practice Act. The Erie County Board of Supervisors pursuant to section 225-a of the County Law created the office of county fire co-ordinator to which it appointed the respondent Becker. It likewise created the office of deputy county fire co-ordinator to which position Becker appointed respondent Leary. The respondent Erie County Personnel Officer originally requested examinations for these positions from the appellant Civil Service Commission. Such examinations were prepared and posted but then withdrawn at his request whereupon he classified the co-ordinator's position in the unclassified service and the deputy's position in the exempt class. The appellant Civil Service Commission refused to accept these classifications and decided that the positions should be placed in the competitive class. The respondents instituted this proceeding and the court below held that the fire co-ordinator was the head of a department and ordered the appellant to approve the classification of the positions as unclassified and exempt, respectively. Under subdivision 3 of section 225-a of the County Law a county fire co-ordinator's duties are to administer county programs for fire training and mutual aid, act as liason officer between the Board of Supervisors, the County Fire Advisory Board and the fire fighting forces in the county and such other duties as the Board of Supervisors may prescribe. It appears that several people in

addition to the deputy work under the co-ordinator's supervision and they are a clerk-stenographer, a radio supervisor, two radio technicians and a building maintenance mechanic. Section 9 of the Civil Service Law (since changed to § 35) provided that "the head or heads of any department of the government" shall be in the unclassified service. The respondents point to the Erie County budget which makes an appropriation for the "Erie County Fire Co-ordinated Department." This court recently stated in *Matter of Chase* v. *Falk* (8 A D 2d 655, 656, affd. 7 N Y 2d 817) in interpreting section 9 that: "By analogy 'the government' may in some circumstances be applied to a local government. This depends on the local administrative structure. The naked use of the word 'department' in a local government would not necessarily or always describe a 'department of the government' as that term is used in the statutory context." Neither section 9 nor the cases decided thereunder provide any precise definition as to what constitutes the head of a department of government. Although the respondent Becker performs certain important duties and has several people who work under him it does not seem that he fits the description of the head of a department of government. If this were true a department could be created by merely giving a person certain duties to perform and several employees to work under him. The head of a department must be one who has more independent authority than is possessed by the respondent Becker and one who has control over an administrative division of government which is composed of an organization of some greater size and significance than is present here. Similarly the co-ordinator's duties are not such that he can be called a "principal executive officer" so that his deputy would fall in the exempt class under section 13 of the Civil Service Law (now § 41). There is further, ample support in the record for the appellant's determination that these positions are such that an examination can be held therefor. We cannot say that the determination of the State Civil Service Commission in so debatable an area was arbitrary and capricious. Order reversed on the law and the facts, and determination confirmed, without costs. Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., dissents, and votes to affirm on the opinion of Taylor, J. (19 Misc 2d 83). *Matter of Chase* v. *Falk* (8 A D 2d 655) is not applicable to the present facts. The office of county fire co-ordinator is an administrative department of the county government.