John P. Cohalan, Jr., J.
On March 25, 1963, Suffolk County Board of Supervisors, with the approval of the County Execu *558 tive (all hereafter Suffolk) appointed A. Lloyd Case (hereafter Case) County Fire Co-ordinator, pursuant to section 225-a of the County Law and about a month later fixed his salary as such at $6,818 per annum, in accordance with a county salary plan (Grade 19, step 3).
By local law, adopted October 28 and effective November 1, 1963, Suffolk purported to establish a Department of Fire Safety, and incorporated it within the Suffolk County Charter (L. 1958, eh. 278, as amd. by Local Laws, 1963, No. 5 of County of Suffolk) as article XI-A, sections 1125 to 1128, inclusive. It declared, inter alia that the Director of Fire Safety “ shall be in the unclassified service as provided by section thirty-five of the Civil Service Law”. (Local Laws, 1963, No. 5, § 4.) At the same time it abolished the position of Fire Co-ordinator.
Twelve days later Suffolk appointed Case Fire Safety Director at the same salary of $6,818 per annum, and then reappointed him on or after January 1,1964.
Section 1126 of the charter now provides as to the Safety Director that he “ (1) Shall have all of the powers and shall perform all of the duties conferred on county fire coordinators by the laws of the state of New York ”; plus a number of other specified powers and duties.
Respondent, New York State Civil Service Commission (hereafter Commission) raised no objection to the second Case appointment as such, but refused to recognize or certify bim as the head of a department and hence in the unclassified civil service.
The article 78 proceeding now before the court resulted.
The Commission stands four-square on the decision in Matter of Neff v. Falk (10 AD 2d 789, affd. 9 N Y 2d 1004).
Therein the Brie County Board of Supervisors had appointed one Becker as Fire Co-ordinator of the county, and he, in turn, named Neff as his deputy. Special Term held that Becker was the head of a department and Neff was his “ exempt ” deputy. On appeal by the Commission, the Third Department noted in its reversal that (p. 790): “ Neither section 9 (now Civil Service.Law, § 35) nor the cases decided thereunder provide any precise definition as to what constitutes the head of a department of government. Although the respondent Becker performs certain important duties and has several people who work under him it does not seem that he fits the description of the head of a department of government. If this were true a department could be created by merely giving a person certain duties to perform and several employees to work under him. The head .of a department must be one who has more *559 independent authority than is possessed by the respondent Becker and one who has control over an administrative division of government which is composed of an organization of some greater size and significance than is present here. Similarly the co-ordinator’s duties are not such that he can be called a 1 principal executive officer ’ so that his deputy would fall in the exempt class under section 13 of the Civil Service Law (now § 41). There is further, ample support in the record for the appellant’s determination that these positions are such that an examination can be held therefor. We cannot say that the determination of the State Civil Service Commission in so debatable an area was arbitrary and capricious.” (Matter within first parentheses supplied.)
On that statement .standing alone and its affirmance by the Court of Appeals as noted, the instant case would find its quietus in the rule of stare decisis. But petitioners have another arrow in their quiver. They advance the theory that the Municipal Home Buie Law (hereafter MHBL), enacted by the 1963 Legislature as chapter 843, effective January 1, 1964, overturned the ruling in Matter of Neff v. Falk (supra) and gave so much autonomy to local governments as to permit Suffolk’s local law and article XI-A of its charter to withstand successfully such an attack as is here presented.
In his memorandum of approval of MHBL on April 30, 1963, the Governor noted that ‘ ‘ The * * * bill would enact a new Municipal Home Buie Law to replace the City and Village Home Buie Laws and the home rule provisions of the County Law. This new Law would give effect to the proposed constitutional grant of local law powers to all local governments and would continue the special powers presently granted to cities, counties and villages with a population of over 5,000 persons ”.
“ The proposed constitutional grant” referred to became new article IX— (Local Governments) of the State Constitution by vote of the electorate on November 5,1963, effective January 1,1964; and the MHBL is the legislative implementation of vox populi as contained in the Constitution.
In the enumeration of the general powers under the new statute, the Legislature provided at article 2 (§ 10, subd. 4, par. [d]) that “ [E]very local government * * * (d) [i]n establishing the office of the head of a department of its government, to provide that such an office shall be in the unclassified service of the civil service ” (emphasis supplied).
In the same section at paragraph (ii) of subdivision 1 we find that “ [E] very local government * * * shall have power to *560 adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law”.
Turning to section 53 of MHRL, headnoted by the legend “No repeal by implication ” we learn that “It is not intended by this chapter to repeal by implication any existing provision of law and no law shall be deemed repealed thereby unless expressly provided for therein ”,
In connection with the last statement see McKinney’s Consolidated Laws of New York (Book 1, Statutes, § 72), “ Construction as part of statute ” by which judicial interpretations are considered to be part of the statute itself. A portion of it, as applied in this instance, makes rewarding reading: “ A judicial interpretation of a statute, having once been made, becomes as much a part of the enactment as if incorporated into the language of the act itself, and is binding on subsequent courts in accordance with the rule of stare decisis and the doctrine of precedents. Stare decisis is the general doctrine, pervading the laws of all English speaking nations, that courts will follow the decided cases. It rests upon the principle that the law should be fixed, definite and known, and that when the law is declared by a court of competent jurisdiction, authorized to construe it, such declaration, in the absence of papable mistake or error, is itself evidence of the law until changed by competent authority.”
Query — Has the Legislature by the enactment of MHRL overruled the decision in Matter of Neff v. Falk ? We think not. If the intention or part of the intention in enacting the constitutional amendment and MHBL was to dilute the powers of the Commission, both the People and the Legislature could have said so in no uncertain terms. Two instances that come to mind are the repeal of section 332 of the Village Law and its watered down replacement by section 802 of the General Municipal Law as the result of Baker v. Marley (8 N Y 2d 365), and the readoption by this State of the Workmen’s Compensation Law in answer to the judicial determination in Ives v. South Buffalo Ry. Co. (201 N. Y. 271).
There are those among us who feel that in the area of government the closer it gets to the people the more it is to be desired; and that a county (1 of 62) is better able to assess and evaluate its own needs than is the State. But if that is or was the aim of the Legislature as applied to this particular problem it has not spelled it out sufficiently, in the writer’s opinion, to have this court presume to override a decision of the Court of Appeals. ‘' An omission in legislative intent is not to be supplied by the courts ”. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 363.)
*561 It is, therefore, the decision of this court that Local Laws 1963 No. 5 — as incorporated in article XI-A of the Suffolk County Charter is illegal and void to the extent that it purports to name the Fire Safety Director to be the head of a department of the county government and hence in the unclassified service of the civil service. It follows that Case is a provisional employee only and will continue to hold his office subject to the hazards of an open competitive examination.
In view of the court’s decision, it is unnecessary to pass on any points raised in the briefs of the opposing counsel other than those discussed herein.
Settle judgment dismissing the proceeding on the merits.