James H. O’Connor, J.
The petitioners bring this article 78 proceeding to annul as arbitrary and capricious the action of the respondents, the Civil Service Commission of the City of Utica, New York, in placing the petitioners’ Department of Assessment and Taxation in the competitive class of the classified service.
Local Law No. 5 of 1963 of the City of Utica, County of Oneida, State of New York, created the office of Commissioner *573 of Assessment. Section 4 of said local law sets forth the Commissioner’s term of office and the qualification guidelines which the Mayor is required to apply in making an appointment thereto.
■Section 4. states as follows:
“ Term of office of assessor. Section thirteen of chapter fifty-five of the laws of nineteen hundred and nine and acts amendatory thereto entitled, c An act in relation to cities of the second class ’, is changed insofar as it applies to the city of Utica by amending the fifth sentence thereof, now reading, s The term of office of the assessors shall be four years, except that at the city election first held in the city after the same shall have become a city of the second class and the provisions of this chapter relating to the election of its officers shall have become applicable thereto, two of the assessors shall be elected for a term of two years and two for a term of four years, ’ so as to read, ‘ The term of office of the commissioner of assessment shall be for six years, the first term to commence January 1, nineteen hundred sixty-eight and terminate December thirty-first, nineteen hundred seventy-three and each succeeding term shall likewise be for six years. The mayor in making the appointment of such commissioner of assessment, shall be required to select a person who meets the following qualifications:
“ 1. High school graduate and eight years of satisfactory experience in real estate work entailing evaluation of real property five years of which shall have been in a senior or supervisory capacity, or
“ 2. A baccalaureate degree with specialization in real estate, architecture, engineering, economics or a related acceptable field and six years of satisfactory experience in real estate work entailing valuation of real property, three years of which shall have been in a senior or supervisory capacity, or
“ 3. A satisfactory equivalent combination of the foregoing training and experience.
il Such qualifications to be subject to the approval and certification of the New York State civil service commission. It is the purpose of this paragraph to establish qualifications only, and not to establish civil service status or tenure for this position. In the event of a vacancy prior to the termination of the commissioner of assessment’s term, the mayor shall appoint an interim commissioner of assessment to complete the unexpired term subject to the same qualifying procedure.”
Section 5. of said local law further defines the Commissioner’s duties as follows: “ § 5. Section one hundred and sixty *574 of the Second Class Cities Law changed. Section one hundred and sixty of chapter fifty-five of the laws of Nineteen Hundred and Nine, and acts amendatory thereto, entitled, ‘ An act relating to cities of the second class, ’ as amended by chapter seven hundred and nine, laws of nineteen hundred and twenty-three is changed insofar as it applies to the city of Utica to read as follows: ‘ The commissioner of assessment shall be the head of the department of assessment and taxation. He shall appoint to hold office during his pleasure such supervisory field appraisers, field appraisers, deputies, clerks, assistants and subordinates as the current budget of the city shall provide. The commissioner of assessment and his deputies shall possess all the powers conferred upon, and subject to all the obligations imposed upon, and perform all the duties appertaining to the office of commissioner of assessment in the towns of the state in reference to the assessment of property within the city, except as otherwise provided by law. He shall also perform all the duties now provided by law in reference to the assessment of property for the purpose of levying taxes and assessments for local improvements, imposed according to law. It shall also be his duty to install scientific systems of assessment with tax maps, unit .rules, and such other systems and records as may be necessary to gather and file useful and available information that appertains to the value of property subject to his assessment.’ ”
This local law was submitted to the electorate of the City of Utica by referendum on November 5, 1963 and was passed to become effective January 1, 1965, and petitioner, Robert B. Dellecese, was appointed Commissioner of Assessment and Taxation on January 1,1968 by the Mayor. The petition herein recites Mr. Dellecese’s qualifications which however are not an issue in this proceeding. The Civil Service Commission of the City of Utica thereupon made a determination that the Commissioner of Assessment and Taxation should be placed in the competitive class and be subject to Civil Service Rules and Regulations. According to the brief submitted by the respondents said determination was made on January 10, 1968. In the last week of October, 1968 the Civil Service Commission of the City of Utica advertised an open, competitive examination for the position of Director of Assessment and scheduled the examination for December 14,1968. All of the above petitioners filed application to take the examination under protest.
The petitioner, Robert B. Dellecese, takes the position that he is head of a department and that his office is thereby in the *575 unclassified service pursuant to subdivision (e) of section 35 of the Civil Service Law which states as follows:
“ § 35. Unclassified service. The civil service of the state and each of its civil divisions shall be divided into the classified and unclassified service. The unclassified service shall comprise the following: # * * (e) the head or heads of any department of the government who are vested with authority, direction and control over a department, and who have power and authority to appoint and remove officers and employees therein ”.
It would thereupon follow that the offices of the Deputy Commissioners of Assessment would be in the exempt class of civil service under section 41 (subd. 1, par. [b]) of the Civil Service Law which provides as follows: “1. The following offices and positions shall be in the exempt class: * * * (b) the deputies of principal executive officers authorized by law to act generally for and in place of their principals
The petitioners further contend that the acts of the respondents are contrary to the provisions of paragraph (d) of subdivision 4 of section 10 of the Municipal Home Buie Law which provides as follows: “ 4. In the exercise of its powers to adopt and amend local laws, the legislative body of a local government shall have power: * * * (d) In establishing the office of the head of a department of its government, to provide that such an office shall be in the unclassified service of the civil service and, in establishing the offices of one or more deputies to the head of a department of its government with power to act generally for and in place of their principals, to provide that the positions of such deputies shall be in the exempt class of the civil service. ’ ’
While this argument was advanced by the petitioners in their petition it was not strongly urged in the brief. This court can dispose of that issue at the outset by applying the reasoning found in Matter of Suffolk County v. New York State Civ. Serv. Comm. (44 Misc 2d 557, 559, affd. 31 A D 2d 549) wherein it was held that the Legislature by the enactment of the Municipal Home Rule Law did not overrule the decision in Matter of Neff v. Falk (10 A D 2d 789, affd. 9 N Y 2d 1004). In other words the Municipal Home Rule Law does not dilute the powers of the Civil Service Commission. The question then to be decided is whether the petitioner, Robert B. Dellecese, herein is the head of a department within the guidelines set forth in the Neff decision and thus in the unclassified service under subdivision (e) of section 35 of the the Civil Service Law.
*576 The petitioners take the position that Mr. Dellecese is the head of a department within the meaning of subdivision (e) of section 35 of the Civil Service Law and the respondents claim that he is not. It is difficult for this court to find any definition of what the term “ Department ” means as used in subdivision (e) of section 35 of the Civil Service Law. This same dilemma faced the court in Matter of Martin v. Burke (25 Misc 2d 1042, 1046). In that case the question was the re-classification of the position of Director of the Department of Urban Renewal. The court found that such a position was not the head of a department because neither the State Constitution, the Second Class Cities Law nor the charter of the City of Utica mentioned a Director of Urban Renewal.
Some qualifications are found in Neff v. Falk (supra, p. 790) wherein the court held: “ The head of a department must be one who has more independent authority than is possessed by the respondent Becker and one who has control over an administrative division of goverment which is composed of an organization of some greater size and significance than is present here.”
While the “ Department ” presently consists of only the Commissioner of Assessment and Taxation; the Deputy Commissioners of Assessment and Taxation (2); Chief Clerk (1); Secretary (1); Senior Clerk (1) and a clerical employee, the size of the department should not be the overriding determining factor. Significance must also be considered.
It is interesting to note that the Director of Assessment and Taxation is listed as a department in article 10 of the Second Class Cities Law and that article V of the City Charter of Utica with 18 sections deals with a Department of Assessment and Taxation. Furthermore, the State Director of Taxation and Finance is listed under section 2 of article V of the State Constitution. Local Law No. 5 of 1963 specifies the duties of the Commissioner of Assessment and gives him the authority to appoint and remove officers and employees, powers required of the head of a department if his position is to qualify under subdivision (e) of section 35 of the Civil Service Law.
Furthermore, the office of Assessor had been an elective position until Local Law No. 5 was passed.
All of these factors taken together would lead the court to believe that the Commissioner of Assessment and Taxation is the head of a department within the meaning of subdivision (e) of section 35 of the Civil Service Law of the State of New York and is therefore in the unclassified service. It further follows that the Deputy Commissioners are exempt pursuant *577 ■to paragraph (b) of subdivision 1 of section 41 of the Civil Service Law. The respondents ’ determination to the contrary is deemed to be arbitrary and unreasonable under the circumstances.
There remains for decision the issue as to whether or not the instant proceeding was timely brought pursuant to CPLB 217. Though the court is not entirely free from doubt as to whether the petitioners did know prior to October, 1968 that their positions had been re-classified in the competitive class, it is this court’s belief that the proceeding was duly commenced (Matter of Martin v. Burke, 25 Misc 2d 1042, 1045, supra; see, also, Matter of Abramson v. Commissioner of Educ., 1 A D 2d 366, 371).
Therefore an order may be submitted annulling, vacating and setting aside the respondents’ determination that the Commissioner of Assessment and Taxation is in the classified service and subject to competitive examination.