Charles B. Swartwood, J.
Petitioners bring this CPLR article 78 proceeding to annul thé disapproval of the State Civil Service Commission under subdivision 2 of section 20 of the Civil Service Law of a proposed amendment to the Rules for Classified Civil Service of Broome County which seeks to classify the Sealer of Weights and Measures of Broome County in the unclassified service.
As of November, 1968 Broome County adopted a County Charter form of government pursuant to article 4 of the Municipal Home Rule Law. Under section 2405 of that charter (Local Laws, 1968, No. 9 of County of Broome, § 2405), the County Executive was given power to appoint heads of administrative units including the Sealer of Weights and Measures. Petitioner Meade, the Personnel Officer of the county, proposed on July 28, 1972 the questioned amendment to the Rules for Classified Service to place the Sealer in the unclassified service category. On September 21, 1972, the State Civil Service Commission disapproved the amendment. This proceeding was then commenced to overrule the action of the State Civil Service Commission.
The petitioners ’ argument that the Municipal Home Rule Law curtailed the power of the State Civil Service' Commission under the Civil Service Law does not accord with that statute itself. (Municipal Home Rule Law, § 34, subd. 3, par. g; § 53.) Further, this question has been decided in Matter of Suffolk County v. New York State Civ. Serv. Comm., 44 Misc 2d 557, affd. 31 A D 2d 549, affd. without opn. 29 N Y 2d 851), wherein it was held that the Municipal Home Rule Law did not dilute the authority of the State Civil Service Commission and that rules as laid down by Matter of Neff v. Falk (10 A D 2d 789, affd. 9 N Y 2d 1004) were still applicable. To same effect Matter of Dellecese v. Burke (60 Misc 2d 572, affd. 36 A D 2d 566).
However, the State Civil Service Commission may not act arbitrarily or capriciously in exercising its power.
Subdivision (e) of section 35 of the Civil 'Service Law provides:
*410 1 ‘ Unclassified service. The civil service of the state and each of its civil divisions shall he divided into the classified and unclassified service. The unclassified service shall comprise the following: * * *
“(e) the head or heads of any department of the government who are vested with authority, direction and control over a department, and who have power and authority to appoint and remove officers and employees therein”.
It is the argument of the petitioners that the Sealer is a “ head of a department ’ ’ under the County Charter and should therefore be in the unclassified service. Simply labeling the position as a heád of a department does not make that position the head of a department, or division of government. (Matter of Neff v. Falk, 10 A D 2d 789, affd. 9 N Y 2d 1004, supra.) It is rather the substance of the position and not the title from which it is to be determined whether the position is that of head of a department of government. The courts have approached this from an empirical rather than a theoretical point of view.
Matter of Neff v. Falk (supra) pointed out that having certain duties and subordinates alone is not enough to make one the head of a department of government and that independence of authority and some size of a division of government is needed. On the other hand, it has been held that size alone is not controlling but that the “ significance ” of the department should be considered. (Matter of Dellecese v. Burke, 60 Misc 2d 572, affd. 36 A D 2d 566, supra.) In deciding this question the courts have considered whether the position has constitutional, statutory or charter authorization (Matter of Martin v. Burke, 25 Misc 2d. 1042, affd. without opn. 15 A D 2d 730), whether the position had been elective previously (Matter of Seely v. Kaplan, 24 Misc 2d 381; Matter of Dellecese v. Burke, supra), whether it is practicable to fill this position by competitive examination though the existence of a competitive list is not controlling (Matter of Seely v. Kaplan, supra), and whether the position carries with it the right to appoint deputies. This catalogue does not exhaust the list of matters that have or may be considered.
This brings us to the consideration of the position of Sealer of Weights and Measures of Broome County. It is alleged without contradiction that his so-called “ administrative unit ” is composed of the Sealer and one deputy with a current appropriation of $450 for other employees. The position had been in the competitive class previous to the enactment of the Broome County Charter, when it was held by the incumbent’s predecessor. There exists an eligibility list for the position. It *411 is therefore practicable to fill the position by competitive examination.
The position was created by statute (County Law, § 775; Agriculture and Markets Law, § 182). The latter statute provides for his appointment by the Board of Supervisors, which shall determine his salary. He is-generally to test and enforce honest weights and measures in the county, to have the power of a peace officer and to give a bond. He is given very little discretion. He is to report to his Board of Supervisors and to the Commissioner of Agriculture and Markets, who is given general supervision over his work under section 180 of that statute. Section 183-a of the Agriculture and Markets Law provides for a Deputy Sealer but it is not entirely clear as to who has the power to appoint him. (17 Opns. State Compt., 1961, p. 35.)
Section 2405 of the Broome County Charter provides:
11 § 2405. Additional appointments by county' executive. Subject to confirmation by the county legislature, and except as otherwise provided in this charter, the county executive shall appoint the head of any other or additional administrative unit of the county, including among others, the following: Civil defense director; veterans’ service director; representatives on the county extension service; sealer of weights and measures; dog warden; and alcoholic beverage control board.”
It further provides under subdivision (e) of section 105 as follows: “ § 105’. Definitions. Whenever used in this charter, unless Otherwise expressly stated, or unless the context or subject matter otherwise requires: * * *
“ (e) Administrative unit shall mean any department, executive division, institution, office, or other agency of county government, except a bureau, division, section, or other subordinate part of any of the foregoing ”.
Section 2604 of the charter provides in part as follows: “ § 2604. Classified service: exemptions. All positions in all departments, officers, institutions and agencies of the county shall be in the classified service, except those held by the following: (1) elective officers; (2) heads of departments; (3) members of all boards, commissions and committees; and (4) the commissioner of jurors. For the purpose of this section, the heads of the divisions within the executive branch, including but not limited to budget and research; purchase; and central services shall be deemed to be heads of departments.”
The petitioners argue from these sections that since the Sealer is mentioned as the head of an “ administrative unit ” *412 he is therefore a “ head of department ” under section 2604 of the charter, with the power to appoint a deputy under section 309 of the charter and comes within the literal definition of subdivision (e) of section 35 of the: Civil Service Law. Even granting, without so finding, that this theoretically could be so, it ignores the over-all scheme of the charter itself and the substance of the Sealer’s duties, position and the actual unit that he heads.
The charter provides for some 18 departments which are separately classified with detailed provisions as to the chief administrative officer and the powers and-duties of the department. Some have provisions for appointment of deputies or assistants. The Sealer is lumped under a miscellaneous category entitled “ Article XXIV Other County Boards, Offices, Institutions, and Functions ” and under section 2405 thereof provides for appointment of a Sealer by the County Executive subject to confirmation. Further, under subdivision (b) of section 308 of the charter, it is significant that the Director, of the Division of Central Services under the County Executive is given the duty to “ supervise the county sealer of weights and measures ”. Nowhere in the charter is his position specifically designated as unclassified.
In examining the substance of the Sealer’s duties it can be seen that he has supervision over one deputy with an exceedingly small budget for other subordinates. His discretion is limited by statute. His duties are more ministerial than administerial. His powers are more in the nature of a peace officer in a specialized field. There are no large policy matters for him to decide nor a division of government for him to supervise. Further, he is under the direct supervision of the Director of Central Services, who in turn is a subordinate of the County Executive.
After consideration of the duties and powers of the Sealer of Weights and Measures and the Charter of Broome County, we conclude that the Sealer in that county does not come within the provisions of subdivision (e) of section 35 of the Civil Service Law and that the respondent did not act arbitrarily in refusing tó classify his position in the unclassified service.
We are not unmindful that it is said that in other counties with charter forms of government that the Sealer is in the unclassified service. Though this may be considered, those charters and the duties of the Sealer in those counties, most of which are much more populous than Broome County, are not before us and therefore not determinative of the issue before us.
The petition is dismissed.