Edwabd M. O ’Gorman, J.
Petitioner in this article 78 proceeding ¡has ibeen appointed Provisional Police Chief of the Village of Washingtonville. He now moves to compel his certification by the Orange County Civil Service .Commissioner, The commissioner has refused to certify petitioner unless and until he takes and passes a competitive examination.
Petitioner -urges that he is exempt from the requirement of -a written ¡competitive examination -by the terms of -subdivision 3 of section 58 of the Civil Service Law, and by virtue of the fact that he is head -of a department, to wit: the Police Department, and thus exempt pursuant to the provisions of subdivision (e) of section 35 ¡of the Civil -Service Law.
With respect to petitioner’s first contention, ithe court is of the opinion ithat subdivision 3 -of section 58 goes no further than to exempt a Police Chief from having to fulfill the minimum basic requirements for appointment, as -set forth in that section.
With respect to petitioner’s second contention, while it is true that ias Police Chief he is the head of the Police Department (Village Law, § 8-800), he is not such a head -of a department as would qualify -him for exemption from the -obligation to take a competitive examination. Subdivision (e) of--section 35 of the Civil Service Law, which -places the head -of a department in the unclassified' service, refers to those heads -of any department of the government “ who are vested with authority, direction and *990 control over a department, ¡and who have the power and authority to appoint and remove officers and employees therein.”
■Section dr-4001 ('subd. 1, par. e) of the Village Law provides that it shall be the responsibility of the Mayor to exercise supervision over the conduct of ¡the police and other .subordinate officers of the village.
By virtue of the provisions of .section 8-4300 of the Village Law, the board of trustees of a village is- vested with the power to appoint isuch personnel as may be needed in a Police Department, and to fix their compensation.
It .seems clear that lacking the final duty and authority to supervise the Police Department, and' lacking the power to appoint the personnel of .such department, a Police Chief in a village does not qualify for exemption from the necessity of taking a competitive examination by virtue of the provisions of subdivision (e) of .section ¡35 of the Civil ¡Service Law. (See Matter of Neff v. Falk, 10 A D 2d 789, affd. 9 N Y 2d 1004; Matter of Broome County v. New York State Civ. Serv. Comm., 73 Misc 2d 408, affid. 43 A D 2d 995.)
Inasmuch .as .the office of Police Chief is not one enumerated in section 41 or section 42 of the Civil Service Law, and is not properly classified in the labor class under .section 43 of the Civil .Service Law, a candidate for that office must qualify for appointment pursuant to section 44 .of the Civil Service Law, which requires a competitive examination.
Accordingly, the relief .sought by the petitioner must be denied, and the stay of the examination to fill the office of Police Chief in the Village of Washingtonville is hereby vacated.