George D. Burchell, J.
This is a proceeding held pursuant to an order of Mr. Justice Wood dated July 1, 1975. The plaintiff seeks a declaratory judgment and a determination as to its authority to appoint and fill vacancies for the position of Registrar of Vital Statistics for the City of Yonkers. Initially the plaintiff sought a temporary injunction enjoining the defendants from refusing to certify an individual who had been appointed to fill the position. The defendants had cross-moved for an order dismissing the motion for injunctive relief and denying the plaintiff’s request for a declaratory judgment.
In a decision dated May 30, 1975, Mr. Justice Wood declined to “preliminarily enjoin the defendants from refusing to certify” the individual appointed by the Mayor of the City of Yonkers; but the defendants were enjoined from filling the disputed position. The defendants’ cross motion was denied in its entirety, the matter was set down for a hearing to determine whether it was the Mayor’s right to appoint an individual to fill the vacancy or whether the defendants had the right to declare the position as a classified position and therefore subject to examination and certification.
On April 6, 1973, the Mayor of the City of Yonkers appointed one Walker as Registrar of Vital Statistics for a four-year term commencing on April 10, 1973. The defendants, claiming that the position of registrar falls within its jurisdiction, scheduled an examination for the position. Walker upon the advice of the Corporation Counsel of the city did not take the examination. Thereafter, the examination was issued, graded and an eligible list was promulgated.
Pursuant to an agreement by counsel, this matter was submitted to the court upon an agreed stipulation of fact. These were five items agreed to and placed upon the record. There are no disputed questions of fact and the court will proceed to determine the respective rights of the parties.
*469 It is the plaintiff’s contention that the right to fill the position lies within the exclusive authority of the Mayor. The plaintiff argues that since this position by statute requires the fulfillment of a four-year term, it should be excluded from the application of the Civil Service Law. Further, the plaintiff contends that the fact that the qualifications of registrars may be set by the public health council is an indication that the position should not be subject to classification. Relying upon subdivision (e) of section 35 of the Civil Service Law, the plaintiff argues that since the registrar has the power to appoint (Public Health Law, §§ 4122, 4123) a deputy and subregistrars as well as the power to remove his appointees, the position of Registrar of Vital Statistics should not be considered to be classified.
The defendants have argued that the positions taken by the plaintiff are without merit and that the registrar does not possess independent authority. In their submissions, the defendants further argue that the plaintiff is not an aggrieved party and that the plaintiff has failed to join the New York State Civil Service Commission. These two issues were submitted to Mr. Justice Wood by the defendants in their cross motion. Mr. Justice Wood denied that motion and as such that determination must be considered the law of the case and this court cannot pass upon those issues.
The parties stipulated that the registrar has only those powers and duties enumerated under the Public Health Law. Further, that the registrar has desk space in and works out of the City Clerk’s office and that his position is carried in the City Clerk’s budget. The deputy registrar and subregistrars are paid nominal salaries and have other permanent positions with the city. The stipulation further reads that there is no department of vital statistics in the city.
The underlying question to the controversy is whether the position of registrar is classified or unclassified and, if found to be classified, in what class should the position be placed. Section 40 of the Civil Service Law provides that the classified service shall comprise all offices and positions that are not included in the unclassified service. The appropriate subdivision of section 35 of the Civil Service Law provides: "(e) the head or heads of any department of the government who are vested with authority, direction and control over a department and who have power and authority to appoint and remove officers and employees therein”. *470 Section 4120 of the Public Health Law provides that each primary registration district shall have a registrar and his qualifications may be prescribed by the Public Health Counsel. Section 4121 (subd 3, par [b]) states that, in cities, the registrar shall be appointed by the Mayor. While there is some dispute over who possesses that power within the City of Yonkers because of the City Charter provisions, that issue has no effect on the disposition of the question before the court.
The position of registrar in the City of Yonkers is filled by appointment every four years. The fact that the position is to be filled by appointment does not operate to place the position within the scope of unclassified service. As with all civil service positions there is an appointing authority. Whether the appointing authority has the right to select his own choice or must be limited to individuals who have completed an examination is the crux of these proceedings.
The registrar, by authority granted in section 4122 of the Public Health Law, shall immediately upon his acceptance of the appointment appoint a deputy whose duty it is to act in the place of the registrar in the event of the registrar’s absence or inability. Further, section 4122 provides that when it appears necessary the registrar is authorized, with the approval of the Commissioner of Vital Statistics, to appoint subregistrars. The power to remove the registrar, deputy or subregistrar for cause lies within the commissioner or the person or board who is authorized to appoint such individual.
The power of the registrar to appoint and remove subordinates does not in and of itself qualify the registrar as a department head within the meaning of section 35 of the Civil Service Law. The duties of the registrar are ministerial in nature and leave little if any discretion to the individual. It cannot be said that the office requires the formulation of managerial or administrative procedures which rise to the level of policy making. For it is the authority that the individual possesses which indicates whether he is to be considered the head of a department (Matter of Neff v Falk, 10 AD2d 789, affd 9 NY2d 1004; Matter of Broome County v New York State Civ. Serv. Comm., 73 Misc 2d 408).
The mandate of the New York State Constitution (art V, § 6) is to be considered in determining such matters as presented by this case: "Appointments * * * shall be made according to merit and fitness to be ascertained, so far as *471 practicable, by examination, which, so far as practicable, shall be competitive”.
A review of the mandated duties of the registrar indicates that the position should be classified and classified within the competitive class. The court finds that it is practicable to determine the merit and fitness of applicants by a competitive examination (Civil Service Law, § 44). It should be noted that the fact that the registrar may be appointed for a period of four years does not mitigate against finding that the position should be competitive. While such limitations relating to the length of terms of office do not normally exist in a competitive class (cf. Matter of Seely v Kaplan, 24 Misc 2d 381), section 4123 of the Public Health Law allows a city by way of a charter provision to extend the length of the registrar’s office. The fact that there exists a time limit does not require that the position be unclassified. (See Matter of Andresen v Rice, 277 NY 271.)
Further, the fact that qualifications of the registrar are prescribed by statute and the Public Health Council does not require that the position be unclassified, for these requirements are to be considered by the Civil Service Commission in determining who may qualify to take the examination. It cannot be said that the fact there are certain mandated qualifications removes this position outside the jurisdiction of the Civil Service Commission.
Accordingly, the court finds that the position of Registrar of Vital Statistics should be treated as a competitive classification.