## (June 21, 1976)

■ MINNIE CALDWELL et al., Appellants, v MILTON P. BROWN et al., Respondents.—In an action *inter alia* to recover damages for conversion, based upon the alleged usurpation of the management and control of the Arverne Church of God, Inc., plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, dated May 14, 1975, as, after a nonjury trial, (1) declared (a) that the church's election held in June, 1974, and any election or appointment of officers or trustees thereafter, was illegal and invalid and (b) that all such offices are vacant and (2) ordered that a new election be held pursuant to sections 163 and 164 of the Religious Corporations Law. Judgment affirmed insofar as appealed from, without costs or disbursements. The directive vacating the various offices of the Arverne Church of God, Inc., and requiring that a new election be held, did not exceed the scope of relief requested by the pleadings and was warranted by the proof adduced at the trial. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.

■ CITY OF YONKERS, Appellant, v FREDERICK S. CAREY et al., Constituting the Municipal Civil Service Commission of the City of Yonkers, Respondents.—In an action *inter alia* to declare that the position of Register of Vital Statistics in the City of Yonkers is an unclassified civil service position, the plaintiff city appeals from a judgment of the Supreme Court, Westchester County, dated February 3, 1976, which, *inter alia,* declared that the said position is a classified position, pursuant to section 40 of the Civil Service Law, and that it is practical to determine the merit and fitness of applicants for the position by competitive examination. Judgment affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Burchell at Special Term. Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur. [87 Misc 2d 467.]