■ In the Matter of MARGARET J. McCANLESS, Appellant, v. CHARLES L. BRIEANT, JR., Individually and as Supervisor of the Town of Ossining, et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act, to direct the respondent Town Council of the Town of Ossining to reinstate petitioner as senior clerk to the respondent Board of Assessors of the town, or, in the alternative, to appoint her to a newly-created position of addressograph machine operator, the petitioner appeals from an order of the Supreme Court, Westchester County, dated June 18, 1962, which granted without a hearing the respondents' respective motions to dismiss her petition as insufficient in law (see 35 Misc 2d 1018). Order modified on the law by striking out its decretal paragraph dismissing the petition as to all the respondents, and by substituting therefor two provisions: (1) a provision granting the respective motions to the extent of dismissing the petition as to all the respondents except those comprising the Town Council; and (2) a provision denying as to the respondents comprising the Town Council the motion to dismiss the petition made jointly by them and the respondent Supervisor of the town. As so modified, order affirmed, with $50 costs and disbursements to petitioner as against the respondents comprising the Town Council; and matter remitted to the Special Term for further proceedings against the Town Council not inconsistent herewith. The time of the Town Council members to serve their answer to the petition is extended until 30 days after entry of the order hereon. After such answer shall have been served, the issues raised thereby should be tried as prescribed by section 1295 of the Civil Practice Act. There is nothing in the petition which serves to warrant a remedy against anyone other than the Town Council. As to the latter there can be no judicial review of the motives of its members in

enacting the legislation which abolished the position of the incumbent and which created another position (*Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377: *People ex rel. Wood* v. *Draper*, 15 N. Y. 532, 535; *Homefield Assn. of Yonkers* v. *Frank*, 273 App. Div. 788, affd. 298 N. Y. 524; *Matter of Paliotto* v. *Cohalan*, 6 A D 2d 886, affd. 8 N Y 2d 1065). The authority of *Matter of Wipfler* v. *Klebes* (284 N. Y. 248), which inveighs against unconstitutional transfers of positions to the exempt class, is not contradictory to the foregoing well-settled principle. The petition sufficiently alleges as a ground for relief that, in view of the duties of the abolished position and the newly created position, there is such a similarity between the two positions as to entitle the petitioner, as a classified civil service employee, to reinstatement to the old position or to appointment to the new position. If, as may be expected, the Town Council's answer will deny these allegations or assert a defense predicated upon or arising out of such denials, then the issues as to the duties of the respective positions and as to the similarity of such positions must be tried and determined upon a plenary trial (cf. *Matter of Thacher* v. *Catherwood*, 263 App. Div. 484; *Matter of Folkes* v. *Hushion*, 283 N. Y. 536; *Matter of Sweeney* v. *Mischler*, 132 Misc. 13, 17; Civil Service Law, § 80); and, of course, appropriate findings of fact must be made in support of the determination. In our opinion, the fact — if it be proved to be such — that in the new position the petitioner would be required to do less work or less onerous work than she did under the abolished title, would not render the two positions dissimilar. The proceeding was timely brought (*Matter of O'Connell* v. *Kern*, 287 N. Y. 297; *Matter of Foy* v. *Brennan*, 285 App. Div. 669, 673; *Matter of Abramson* v. *Commissioner of Educ.*, 1 A D 2d 366), in that, at the earliest, the limitation period under section 1286 of the Civil Practice Act commenced to run with notification of the abolition of the position. Ughetta, Acting P. J., Kleinfeld, Christ and Brennan, JJ.; Hopkins, J., taking no part.