■ In the Matter of BROOME COUNTY et al., Appellants, v. NEW YORK STATE CIVIL SERVICE COMMISSION, Respondent.— Judgment, Supreme Court, Broome County, entered on April 19, 1973, affirmed, without costs, on the opinion of Swartwood, J., at Special Term [73 Misc 2d 408]. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.

■ In the Matter of EDITH BERG, Respondent, v. ASSOCIATED METALS & MINERALS CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 22, 1973, which reversed the referee's decision, disallowing the claim for death benefits, and restored the case to the referee calendar for an appropriate award. Previously, the matter was remitted to the board for further proceedings (36 A D 2d 544). The board found that decedent "had pre-existent arterioscelerotic heart disease; that the work activities during the month of December, 1967 were arduous and strenuous for this individual; that decedent suffered severe emotional stress which precipitated the acute myocardial infarction from which decedent died and constitutes an accidental injury arising out of and in the course of employment." It also found that "there is causal relation between the decedent's death and the accidental injury sustained." Although there is a conflict in the medical testimony, since there is substantial evidentiary support in the record for the board's findings, including a doctor's opinion based on factual proof and not mere speculation, the board's determination should not be disturbed (*Matter of Snyder* v. *New York State Comm. for Human Rights*, 31 N Y 2d 284, 286; *Matter of McKane* v. *Edson Structures*, 43 A D 2d 663; *Matter of Bernsley* v. *Telemarine Communications Co.*, 40 A D 2d 745; cf. *Matter of Schuren* v. *Wolfson*, 30 N Y 2d 90; *Matter of McCormick* v. *Green Bus Lines*, 29 N Y 2d 246). Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.