■ LEON R. SWITZER, Appellant, v SANITARY DISTRICT No. 7, TOWN OF HEMPSTEAD, COUNTY OF NASSAU, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to (1) reinstate petitioner to his position as secretary of the respondent sanitary district or, alternatively, (2) pay petitioner unused sick leave pay in the amount of $4,107.69, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated July 13, 1977, which dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, and proceeding remitted to the Special Term for a hearing to determine (1) whether the abolition and termination of petitioner's position was an unlawful subterfuge to avoid the strictures of section 75 of the Civil Service Law and, if not, (2) the merits, if any, of petitioner's claim for unused sick leave. Petitioner, a veteran, was employed by the respondent as the secretary thereof from October 1, 1973 until that position was abolished on December 27, 1976 pursuant to a resolution adopted by respondent's board of commissioners. The title of secretary is in the exempt category of the civil service. In his petition petitioner alleges that the termination of his job title was a subterfuge to mask his discharge and the transfer of his duties to a newly hired employee with the title of general supervisor. Petitioner further alleges that notwithstanding the fact that he was classified in the exempt class of the civil service, he was entitled to a hearing before his discharge under section 75 of the Civil Service Law due to his status as a veteran. That section provides, in pertinent part: "1. Removal and other disciplinary action. A person described in paragraph (a), or paragraph (b), or paragraph (c), or paragraph (d) of this subdivision shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section. * * * (b) a person holding a position by permanent appointment or employment in the classified service of the state or in the several cities, counties, towns, or villages thereof, or in any other political or civil division of the state or of a municipality, or in the public school service, or in any public or special district, or in the service of any authority, commission or board, or in any other branch of public service, who is an honorable [sic] discharged member of the armed forces of the United States having served therein as such member in time of war as defined in section eighty-five of this chapter". Finally, petitioner alleges, alternatively, that he has been wrongfully denied his unused sick leave pay. In opposition to the petition, respondent argues that petitioner

was not discharged; rather, it argues that petitioner's job title was abolished due to reasons of economy and efficiency and that section 75 of the Civil Service Law is, therefore, inapplicable. Alternatively, respondent argues that section 75 of the Civil Service Law is inapplicable in any event due to the fact that petitioner's position was confidential in nature and therefore outside the purview of that section. Finally, respondent argues that petitioner's claim for unused sick leave is entirely without merit. The Special Term dismissed the proceeding without a hearing on the ground that petitioner's position was abolished and that, as the holder of an exempt position, he had no protection under sections 80, 80-a or 85 of the Civil Service Law. In our view the proceeding must be remanded to the Special Term for a full hearing. It has been held that a veteran who is a secretary in the exempt class of civil service and who derives his duties and functions from his appointing board or commission is entitled to the protection of section 75 of the Civil Service Law, i.e., a hearing before he can be discharged (see *Matter of Driscoll v Troy Housing Auth.,* 6 NY2d 513; *Matter of Mercer v Dowd,* 288 NY 381). It is also true that a public employer may in good faith abolish positions for reasons of economy and efficiency and that the burden of showing a lack of good faith rests upon the person challenging the validity of the abolition *(Matter of Devins v Sayer,* 233 NY 690; *Matter of Wipfler v Klebes,* 284 NY 248; *Matter of McCanless v Brieant,* 35 Misc 2d 1018, mod 19 AD2d 736; *Matter of Kempf v Town of Brookhaven,* 61 Misc 2d 283, affd 37 AD2d 917). A public employer, however, may not abolish a job position as a subterfuge to avoid the statutory protection afforded to civil servants before they are discharged *(Wood v City of New York,* 274 NY 155; *Matter of McNeles v Board of Supervisors of Rensselaer County,* 173 App Div 411, affd 219 NY 578). If the promotion of efficiency or economy was the basis of the subject resolution abolishing petitioner's job, then it was adopted in good faith and was valid (see *Matter of Devins v Sayer,* 233 NY 690, *supra).* If, on the other hand, the resolution was adopted not for the purposes of economy or efficiency, but to discharge this petitioner from his position and permit the substitution of a newly hired employee to perform substantially the same, or similar, services previously performed by petitioner, then the abolition was not in good faith and has no effect since it would then constitute a violation of petitioner's rights (see *Matter of Wipfler v Klebes,* 284 NY 248, *supra).* Clearly, a resolution of this central question cannot be decided on moving papers alone, but must be resolved after a full hearing on this issue. If a determination favorable to the respondent is made as to the issue of the propriety of the abolition of petitioner's position, then a hearing should be held as to the issues raised with regard to unused sick leave. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.