■ In the Matter of DONALD J. RYAN, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respondent. —Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Education of the State of New York which dismissed petitioner's application seeking reinstatement to his former position as a tenured high school assistant principal. Petitioner was given tenure as a secondary school assistant principal in 1973 by the Eastchester Union Free School District. In 1977, the school board of education voted to reorganize the administration of its local schools by eliminating assistant principal positions at the junior high and high schools, and also eliminating the district position of Coordinator of Pupil Personnel. The elimination of petitioner's tenured position at the high school was accompanied by further reorganization. Two positions entitled "Dean of Students" were created and filled by two current teachers with an increase in their salary of $1,200 per year. The two teachers were also relieved of two teaching periods a day in order to perform their new administrative functions, which included all of petitioner's duties except for pupil attendance responsibilities, supervision of student activities in conjunction with athletic and other programs, and most of petitioner's disciplinary duties. Pupil attendance responsibilities were assigned to the newly created position of "Attendance Officer" with a salary of $8,000 per annum. Responsibility for student activities was assigned to the existing Coordinator of Athletics. The disciplinary responsibilities of petitioner were absorbed by the principal. The school district expected to save approximately $30,000 per year through this reorganization by eliminating petitioner's total compensation which had exceeded $40,000 the previous year. Petitioner challenged his dismissal, asserting that his position had not been eliminated but instead had been merely fragmented among newly created positions in violation of his tenure rights. Petitioner also argued that the appointments of two teachers to the administrative post of "Dean" violated the rules of the Department of Education (8 NYCRR 80.4 [b]) since neither individual holds a certificate as an administrator. Petitioner finally asserts that the school district will not achieve substantial economic savings due to the added cost of the newly created positions and that the true reason for the abolition of petitioner's position was the personal animus of the high school principal towards petitioner. The Commissioner of Education dismissed the appeal of petitioner, finding that the reorganization did not violate his tenure rights. The commissioner concluded that the petitioner had failed to demonstrate that the board of education had acted improperly in effecting its reorganization, that the supervisory duties of petitioner's former position were absorbed by the principal, that the position of "Attendance Monitor" was primarily clerical in nature, and that the positions of the "Deans" were part time and the duties transferred to them were teaching rather than administrative. This judicial appeal ensued. A board of education may abolish teaching and staff positions, even where this requires discharging an employee tenured in that position (*Steele v Board of Educ.*, 40 NY2d 456, 462; *Matter of Young v Board of Educ.*, 35 NY2d 31, 34). Of course, a school board cannot rid itself of unwanted tenured positions when in fact no economy or increased efficiency is realized (see *Board of Educ. v Niagara Wheatfield Teachers Assn.*, 54 AD2d 281, 283, mot for lv to app den 41 NY2d 801). Fractionalization of petitioner's duties is not, per se, violative of tenure laws (*Matter of*

*Beers v Nyquist,* 72 Misc 2d 210; see, also, *Matter of Young v Board of Educ., supra).* Section 2510 of the Education Law requires only that if a tenured position is abolished, the person affected must be appointed to any new position created for the performance of similar duties. If no new position is created, the person affected must be placed upon a preferred eligible list for similar positions. Where the board of education abolishes a position requiring certification as instructional or noneducational in nature and creates in lieu thereof a noneducational position which does not require educational certification, the former incumbent of the educational position has no claim on the newly created noninstructional position *(Matter of Bork v City School Dist. of City of North Tonawanda,* 60 AD2d 13, 16). Therefore, petitioner's challenge must fail absent proof of creation of a new professional position, or bad faith on the part of the school district. The only new people hired were the attendance monitor, clearly a nonprofessional position, and a chemistry teacher to teach two periods per day. Even though one of the newly appointed "Deans" was a chemistry teacher who, therefore, dropped two teaching periods a day, the record does not establish that the new part-time chemistry teacher did indeed take over classes previously taught by the new "Dean". Petitioner, also failed to establish that the school district's anticipated economies upon terminating his position had been totally negated by hiring a new part-time teacher. Furthermore, petitioner was unable to satisfactorily refute the school district's claim that the new part-time chemistry teacher was needed because of the expansion of the high school from three grades to four. Although we find, contrary to the commissioner, that some of the duties of the "Deans" are administrative in nature, these duties do not involve more than 10 periods per week and, therefore, 8 NYCRR 80.4 (b) was not violated. Finally, petitioner's allegations of bad faith are not supported in the record. Therefore, the commissioner's determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.