■ In the Matter of FRANK H. VASQUEZ, Appellant, v TOWN BOARD OF THE TOWN OF WATERFORD et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 29, 1979 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78. On September 5, 1978 the Town Board of the Town of Waterford adopted "Local Law No. 4 of the Year 1978" which abolished the full-time position of Chief of Police and created the part-time office of Public Safety Commissioner. The local law provided that the new position would be filled by the vote of four members of the town board, rather than a simple majority of three votes, and that it would become effective upon approval by the voters at the November 7, 1978 general election. Petitioner, who was the town's Chief of Police, thereafter commenced this proceeding by order to show cause to declare the local law illegal in all respect; to restrain the town board from appointing any person to the new position and from removing petitioner as Chief of Police; and to restrain respondents from placing the local law on the ballot for the November 7, 1978 general election. The town board of any town may establish a police department and appoint a chief of police (Town Law, § 150, subd 1), and pursuant to section 10 (subd 1, par [ii], cl a, subcl [1]) of the Municipal Home Rule Law, a town may abolish its police department (see 1975 Atty Gen [Inf Opns] 164). Here, however, the town board has abolished only the *position* of Chief of Police, and has established the position of Public Safety Commissioner which has duties virtually identical to that of Chief of Police. In his verified petition, petitioner alleges that the town board's action was a sham and subterfuge designed for the sole purpose of removing him from his position in circumvention of his rights under the Civil Service Law. He contends that he was appointed to the permanent civil service position of Chief of Police after passing a competitive examination given under the auspices of the Saratoga County Civil Service Commission, and that the town board has cited financial economy as the sole reason for abolishing his position when in fact economy would not be promoted. Respondents in their answer merely deny these allegations in conclusory fashion. We conclude that the matter must be remitted. As was aptly stated by the Second Department: "It is * * * true that a public employer may in good faith abolish positions for reasons of economy and efficiency and that the burden of showing a lack of good faith rests upon the person challenging the validity of the abolition *(Matter of Devin v Sayer,* 233 NY 690; *Matter of Wipfler v Klebes,* 284 NY 248; *Matter of McCanless v Brieant,* 35 Misc 2d 1018, mod 19 AD2d 736; *Matter of Kempf v Town of Brookhaven,* 61 Misc 2d 283, affd 37 AD2d 917). A public employer, however, may not abolish a job position as a subterfuge to avoid the statutory protection afforded to civil servants before they are discharged *(Wood v City of New York,* 274 NY 155; *Matter of McNeles v Board of Supervisors of Rensselaer County,* 173 App Div 411, affd 219 NY 578). If the promotion of efficiency or economy was the basis of the subject

resolution abolishing petitioner's job, then it was adopted in good faith and was valid (see *Matter of Devins v Sayer,* 233 NY 690, *supra).* If, on the other hand, the resolution was adopted not for the purposes of economy or efficiency, but to discharge this petitioner from his position and permit the substitution of a newly hired employee to perform substantially the same, or similar, services previously performed by petitioner, then the abolition was not in good faith and has no effect since it would then constitute a violation of petitioner's rights (see *Matter of Wipfler v Klebes,* 284 NY 248, *supra).* Clearly, a resolution of this central question cannot be decided on moving papers alone, but must be resolved after a full hearing on this issue." *(Switzer v Sanitary Dist. No. 7, Town of Hempstead, County of Nassau,* 59 AD2d 889, 890, app dsmd 43 NY2d 845.) Here, similarly, the issues raised by petitioner cannot be resolved solely on the moving papers. Accordingly, the matter must be remitted for further consideration to determine (1) whether petitioner, as police chief, was in fact in a competitive civil service position, because if he were not, then the rule that a legislative body has full and unquestionable power to abolish an office and that the motivations behind legislation adopted by a legislative body are not generally subject to judicial inquiry (see *Bacon v Miller,* 247 NY 311, 318; *Michaelis v City of Long Beach,* 46 AD2d 772, 773) would apply; and (2) if he were a member of the competitive civil service class, then whether the abolition of his position was an unlawful subterfuge to avoid the Civil Service Law. We reach no other issue. Judgment reversed, on the law, without costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.