■ In the Matter of WARREN W. CURRIER, Appellant, v TOMPKINS-SENECA-TIOGA BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. — Appeal from a judgment of the Supreme Court at Special Term, entered August 6, 1980 in Tompkins County, which dismissed petitioner's application, pursuant to CPLR article 78, to annul respondent's determination terminating petitioner's services and to compel his reinstatement. Petitioner held a tenured position as Director of the Department of Continuing Education with respondent. On April 4, 1979, the BOCES board voted to abolish the position and terminated petitioner, effective July 1, 1979. Petitioner's duties were distributed on a fractional basis among five existing employees. Petitioner elected to commence a CPLR article 78 proceeding to annul the decision and compel his reinstatement instead of prosecuting an appeal to the Commissioner of Education pursuant to section 310 of the Education Law. Special Term dismissed the petition on grounds petitioner failed to sustain his burden of proving bad faith, and that there was ample evidence to indicate that the board acted to effect economic savings. This appeal ensued. Petitioner seeks reversal and remand to Special Term for the conduct of a evidentiary hearing (CPLR 7804, subd [h]) on the ground triable issues of fact exist (see *Matter of Vasquez v Town Bd. of Town of Waterford*, 72 AD2d 883; *Switzer v Sanitary Dist. No. 7, Town of Hempstead, County of Nassau*, 59 AD2d 889). We disagree. School districts must have sufficient latitude within the law to manage their affairs efficiently and effectively. This includes, when appropriate, the right to consolidate and abolish positions for economic reasons *(Matter of Young v Board of Educ.*, 35 NY2d 31; see Education Law, § 2510). A board of education may abolish teaching and staff positions, even where this requires discharging an employee tenured in that position *(Matter of Ryan v Ambach*, 71 AD2d 719; see, also, *Steele v Board of Educ.*, 40 NY2d 456, 462; *Matter of Young v Board of Educ., supra)*. The record contains ample documentary evidence to demonstrate that the abolition of petitioner's position was for sound economic reasons and that his duties were fractionalized among five other existing employees with none assigned more than 50% of his duties. No new employee was hired and thus *Matter of Vasquez v Town Bd. of Town of Waterford (supra)* and *Switzer v Sanitary Dist. No. 7, Town of Hempstead, County of Nassau (supra)*, both relied upon by petitioner, are distinguishable. Petitioner next urges that the board's action was motivated by bad faith. The burden of proving bad faith rests upon petitioner *(Matter of Wipfler v Klebes*, 284 NY 248, 255; *Switzer v Sanitary Dist. No. 7, Town of Hempstead, County of Nassau*, 59 AD2d 889, *supra)*. The petition alleges in conclusory terms and "upon information and belief" that the board's action was predicated upon the bad faith of Witko, its superintendent of schools and the executive director of BOCES. Documentary evidence in the record amply demonstrates the contrary. Special Term is not to determine credibility, but whether there exists a factual issue, or if arguably there is a genuine issue of fact *(Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338). Construing the petition in its most liberal terms and in light most favorable to petitioner, Special Term was correct in its evaluation in the light of documentation in the record dispelling the broad

conclusory allegations of the petition (cf. *Matter of Lichtensteiger v Housing & Dev. Admin.*, 40 AD2d 810). The promotion of efficiency or economy was the basis of the abolition of petitioner's job and, as such, was adopted in good faith and it is valid (see *Matter of Devins v Sayer*, 233 NY 690; *Matter of Vasquez v Town Bd. of Town of Waterford*, 72 AD2d 883, *supra; Matter of Ryan v Ambach*, 71 AD2d 719, *supra)*. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.