■ In the Matter of P. EDGAR SHERMAN, JR., et al., Petitioners, and JOSEPH R. D'ARRIGO, Appellant, v VICTOR BAHOU, as President of the Civil Service Commission of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Trial Term (Conway, J.), entered March 6, 1981 in Albany County, which dismissed petitioner Joseph R. D'Arrigo's application, in a proceeding pursuant to CPLR article 78, to cite respondents for contempt of an order of the court. Petitioner Joseph R. D'Arrigo and the other petitioners competed in a civil service examination for senior attorney held on June 17, 1977. Each failed to pass the examination. Petitioner was employed by the Division of Housing and Community Renewal (hereinafter DHCR) as a senior attorney on a provisional basis. Petitioners brought a proceeding pursuant to CPLR article 78 to review the results of the civil service examination. Under the terms of a temporary stay order issued on November 16, 1978 pursuant to CPLR 7805, respondents were enjoined, during the pendency of the proceeding, from making any appointments from the eligible lists to permanent positions in the departments where petitioners were employed. The order further stayed respondents "from decertifying any provisional appointments as senior attorney in those departments during the same period". The petition was dismissed by judgment entered February 27, 1979. Petitioners appealed this judgment. Pending determination of the appeal, counsel for petitioners and respondents stipulated to the effect that respondents would take no action "to terminate the provisional appointments of any petitioner pursuant to Civil Service Law, § 65(3), or otherwise except for

good cause shown, pending the final determination of this appeal". Special Term's dismissal of the petition was reversed by this court on January 17, 1980 and the matter remitted for further proceedings (73 AD2d 995). The parties renewed the stipulation previously entered into for the duration of the proceeding which is still pending. On April 18, 1980, petitioner D'Arrigo was notified by his employer that he was being laid off due to a necessary reduction in the work force caused by a budget cut of $30,000 in the legal and legislative services unit of DHCR. Petitioner obtained an order to show cause, dated May 7, 1980, requiring respondents to show cause why they should not be cited for contempt for violation of the court order of November 16, 1978 restraining respondents from terminating petitioner D'Arrigo from his provisional employment. The matter was referred for trial of the issues because of an ambiguity in the terms of the stipulation. Petitioner's petition was dismissed based upon the terms and intent of the stipulation entered into by the parties. The court found that the stipulation did not prohibit either dismissal for misconduct or termination of petitioner's position due to layoff in that the stipulation referred only to decertification pursuant to section 65 of the Civil Service Law. It held further that the question of a layoff had not been envisioned by either side and, therefore, the terms of the stipulation did not cover discharge for fiscal reasons. The court found, also, that the layoff was made by DHCR in good faith for fiscal reasons. Petitioner urges on appeal that he is exempt from termination pursuant to the terms of the stipulation, and that respondents should be required to abolish positions of other provisional employees pursuant to subdivision 1 of section 80 of the Civil Service Law before terminating his position. We concur with Trial Term's finding that petitioner was not protected by the terms of the stipulation from layoff due to fiscal considerations. Under the circumstances of the instant case, subdivision 1 of section 80 of the Civil Service Law applies to permanent or probationary positions. The stipulation did not elevate petitioner to either status. Petitioner challenges the court's finding of good faith on the part of DHCR in discharging him in the face of its retention of another provisional employee. The burden of proof in such a proceeding reposes on petitioner's side. We find that petitioner has failed to satisfy his burden of proving that there was a lack of good faith exercised by respondents in terminating his position (*Matter of Wipfler v Klebes,* 284 NY 248; *Switzer v Sanitary Dist. No. 7, Town of Hempstead, County of Nassau,* 59 AD2d 889). We also find that respondents adequately articulated the reason for petitioner's dismissal. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.