OPINION OF THE COURT
Lewis L. Douglass, J.
This is an article 78 proceeding brought on behalf of former employees of the New York City Transit Authority (the Authority) seeking a judgment reinstating petitioners to their former employment positions with the Authority or transfer to similar positions with back pay and benefits.
The facts are as follows: Petitioners, all veterans of the Armed Forces of the United States, were employed by the respondent Authority in the title of special inspector until their services were terminated on July 3, 1981 as a result of the abolition of 23 out of 32 special inspector positions. Nine special inspectors were retained by the Authority on the basis of seniority.
Petitioners contend that the newly created position of special investigator is a “similar position” to that of special inspector, within the meaning of section 86 of the Civil Service Law and that the respondent violated such section by failing to transfer petitioners to vacancies which existed in the new title at the time of the abolition of the 23 special inspector positions. Petitioners also claim that by using seniority to determine which special inspectors would be *1052 retained, the Authority again violated section 86 of the Civil Service Law. Respondent concedes that section 86 of the Civil Service Law provides veterans with a right to transfer “to * * * similar position^] wherein a vacancy exists” but alleges the two positions are not similar. Respondents also contended that nothing in section 86 of the Civil Service Law governs and/or directs the procedure to be followed in layoffs of employees, and the use of seniority in determining which special inspectors would be retained did not violate section 86 of the Civil Service Law.
In determining this proceeding the court has considered the moving papers and oral arguments of both petitioners and respondents.
It has long been the policy of the State to give to statutes preferring and protecting veterans in public positions a liberal construction (Matter of Seeley v Stevens, 190 NY 158). While a position occupied by a veteran may be abolished in good faith and in the interests of economy, it cannot be done in bad faith and as a mere pretext to remove a veteran and make place for another (Matter of Jones v Willcox, 80 App Div 167).
Section 86 of the Civil Service Law is relevant and reads as follows: “If the position in the non-competitive or in the labor class held by any honorably discharged veteran of the armed forces of the United States who served therein in time of war as defined in section eighty-five of this chapter * * * shall become unnecessary or be abolished for reasons of economy or otherwise, the honorably discharged veteran * * * holding such position shall not be discharged from the public service but shall be transferred to a similar position wherein a vacancy exists, and shall receive the same compensation therein. It is hereby made the duty of all persons clothed with the power of appointment to make such transfer effective. The right to transfer herein conferred shall continue for a period of one year following the date of abolition of the position, and may be exercised only where a vacancy exists in an appropriate position to which transfer may be made at the time of demand for transfer. Where the positions of more than one such veteran * * * are abolished and a lesser number of vacancies in similar positions exist to which transfer may be made, the veter *1053 ans * * * whose positions are abolished shall be entitled to transfer to such vacancies in the order of their original appointment in the service.” (Emphasis added.)
“Nothing in section 86 gives veterans * * * any preference as to job retention where positions are to be abolished and no vacancies exist. But the statute would be devoid of meaning if, in a situation where positions of persons both covered and not covered by it are abolished and vacancies in similar positions do exist, respondents were to be permitted to transfer persons who are not veterans * * * and discharge those employees for whose benefits section 86 was enacted.” (Matter of Jones v Carey, 55 AD2d 260, 265.)
Respondents’ arguments are not persuasive. Petitioners allege that the Authority failed to transfer petitioners to the newly created positions because of an understanding between John D. Simpson, president of the Authority, and Barbara Dixon, the Inspector General, that she would have the right to hire her own staff. Respondents allege that the positions of special inspector and special investigator are “not similar.” To support this contention, they have submitted an affidavit by Salvatore A. Gattuso, director in charge of the Special Inspections Department, and an affirmation from Barbara Dixon, Inspector General of the New York City Transit Authority. Interestingly, these supporting papers talk in generalities about the actual duties of a special investigator while being extremely specific about the duties of these former special inspectors. A review of the specifications for each title published before this action indicates essentially similar duties including investigation of employee misconduct or violation of rules; preparation of reports; testifying at hearings and other duties as might be directed. Affidavits submitted by the Authority for this litigation are of little credence when the written record speaks so clearly. It has been held that: “The giving of a different name to the new position should make no difference, nor should the changing of some of its duties. The head of a department should not be permitted to abolish a position and divide its duties among a number of positions, some of them newly created at the time the old position is abolished, and then claim that no position similar to the old one exists. This would be a subterfuge *1054 which the courts should not countenance.” (People ex rel. Weeks v Ward, 4 Misc 2d 1030, 1036-1037.)
Consistent with public policy, legislative intent and the evidence submitted, this court finds that the jobs are “similar” within the meaning of section 86 of the Civil Service Law. Accordingly, the Authority is directed to transfer petitioners (by order of petitioners’ original order of appointment in the Authority) to the position of special investigator in the Authority’s Office of Inspector General.
The court in making this decision is not unaware that efficient management may suggest that the Inspector General’s office be free to hire their own people into the department, but is nevertheless required to operate within the constraints of the Civil Service Law as it now exists. Where the Civil Service Law regulations make management inefficient, the proper remedy is with the Legislature and not this court.
Since the court has already decided the positions “are similar” it will not consider petitioners’ other contentions.