Andrew Boyar, Esq. Town Attorney, Highland
You have asked whether a town board may regulate the assignments of town constables and under what conditions a town board may discipline or dismiss a town constable.
The office of town constable is authorized by section 20(1) of the Town Law. The powers and duties of town constables are derived from two sources, State law and the town board. Section 39 of the Town Law specifically provides:
 "Constables and town policemen shall have all the power and authority conferred upon constables by the general laws of the state and such additional powers, not inconsistent with law, as shall be conferred upon them by the town board. They shall be subject to the general authority and direction of the town board and to such orders and regulations as the town board may prescribe, not inconsistent with law."
We believe that the broad grant of authority of section 39 permits a town board to establish the specific responsibilities of town constables including the regulation of assignments and the hours and places of patrol.
Constables are appointed town officers who serve at the pleasure of the town board (Town Law, § 20[1][a] and [b]). We believe that section39 of the Town Law, which places constables under the general authority and direction of the board, authorizes the board to devise regulations governing the conduct and deportment of constables.
We note the possible applicability of sections 75 and76 of the Civil Service Law to dismissals and disciplinary actions. Article V, section 6 of the New York Constitution requires that, where practicable, all appointments and promotions in the civil service of the State and its civil subdivisions be made on the basis of merit as ascertained by examination. The competitive class of the civil service includes those positions for which it is practicable to measure the merit of the applicant by competitive examination (Civil Service Law, § 44; see, also, In the Matter of Broome County v New York StateCivil Service Commission, 73 Misc.2d 408 [Sup Ct, Broome Co, 1973] affd43 A.D.2d 995 [3d Dept, 1974]). Sections 75 and 76
of the Civil Service Law establish certain procedures for the dismissal or discipline of members of the competitive class of the civil service and certain other persons, including the requirements of written notice of the reasons for dismissal or disciplinary action and a hearing to determine the validity of the charges made against the individual. Such procedures may be modified by the provisions of a Taylor Law agreement, which governs a constable's employment relations with the town (Civil Service Law, Public Employees' Fair Employment Act, § 204[2]; see, also, 1981 Op Atty Gen Dec. 31). An agreement under the Taylor Law might specify the procedure for the discipline or dismissal of constables who are not subject to sections 75 and 76.
We conclude that a town board may establish the specific responsibilities of town constables. The board may set the conditions and procedures for the dismissal or discipline of town constables, subject to the possible applicability of provisions of the Civil Service Law and collective bargaining agreements negotiated under the Taylor Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.