■ CHARLES B. SPINDEL, Appellant, v BELLMORE-MERRICK CENTRAL HIGH SCHOOL DISTRICT et al., Respondents. — Judgment of the Supreme Court, Nassau County (Vitale, J.), entered June 9, 1981, affirmed, with $50 costs and disbursements (see *Matter of Young v Board of Educ.,* 35 NY2d 31; *Matter of Currier v Tompkins-Seneca-Tioga Bd. of Coop. Educational Servs.,* 80 AD2d 979; *Matter of Ryan v Ambach,* 71 AD2d 719). Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.

■ TALIUAGA & KARSCH, Respondent, v ALEXANDER KAPLAN et al., Appellants. — In a contract action to recover legal fees, defendants appeal (1) from an order of the Supreme Court, Richmond County (Rubin, J.), entered December 17, 1981, which granted plaintiff's motion for a permanent stay of proceedings brought by defendants in New York County, which proceedings seek to distribute the legal fees in issue on a *quantum meruit* basis, and (2) as limited by their brief, from so much of a further order of the same court, entered January 20, 1982, as, upon granting reargument, adhered to the original determination. Appeal from the order entered December 17, 1981 dismissed as academic. Said order was superseded by the order granting reargument. Order entered January 20, 1982 reversed, insofar as appealed from, on the law, order entered December 17, 1981 vacated, and plaintiff's motion for a stay of the New York County proceedings is denied. Defendants are awarded one bill of $50 costs and disbursements. The pertinent facts are undisputed. Robert and Alice O'Connell retained defendant Alexander Kaplan to prosecute a personal injury action. Kaplan in turn hired Alan Taliuaga to prosecute the action. Sometime thereafter, Kaplan fired Taliuaga and demanded that the files in several cases, including the O'Connell file, be returned to him. At the time the files were returned, Kaplan contracted with Taliuaga and Karsch (plaintiff) to divide the legal fees in a number of cases, including the O'Connell case, on a 50-50 basis in consideration of the work Taliuaga and Karsch had already performed. Kaplan subsequently hired new counsel to help him prepare the O'Connell case for trial. Kaplan tried the case in New York County. Although the record is unclear as to whether the case went to a jury verdict, it is undisputed that the case was settled for $175,000. Kaplan then moved in New York County, by order to show cause, to distribute the legal fees with plaintiff on a *quantum meruit* basis. Before the return date of that motion, plaintiff commenced this breach of contract action in Richmond County, alleging that the attempt to distribute the legal fees in the O'Connell case on a *quantum meruit* basis was in violation of the contract between it and Kaplan. Plaintiff moved in Richmond County for a stay of the proceedings pending in New York County. The court granted the motion. We reverse. New York County was the first forum where proceedings were commenced to distribute the legal fees in the O'Connell case. We see no reason why it should not decide the question of how the fees should be distributed. It was an abuse of discretion for Richmond County to reward plaintiff's attempt at forum shopping by staying defendants from continuing their proceedings in New York County. Any questions concerning whether New York County has jurisdiction over plaintiff or whether the proceedings there were properly commenced should be decided in New York County. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.