■ In the Matter of OSVALDO ZAVARELLA, Appellant, v HENRY SWAYZE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Ingraham, J.), entered June 5, 1981 in Cortland County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to have Resolution No. 515 of the County of Cortland set aside and nullified. Petitioner was employed by the Cortland County Mental Health Board as a supervising social worker from September 23, 1976 until the Cortland County Legislature, by Resolution No. 515, passed December 30, 1980, abolished the position and created the category of staff social worker. The new position, which entails fewer duties and is less remunerative, was accepted by petitioner under protest. In this article 78 proceeding, petitioner seeks reinstatement to his former position with back pay. Special Term dismissed the petition and this appeal ensued. There should be an affirmance. Petitioner's contention that the provisions of article 41 of the Mental Hygiene Law give the Cortland County Community Health Board exclusive powers over the employees and positions of the Cortland County Mental Health Center is without merit. The power of local government units to employ and remove personnel provided in subdivision (d) of section 41.13 of the Mental Hygiene Law is expressly limited by the provision that it be exercised "in accordance with the standards, policies, and salary schedules provided by law or otherwise authorized". Section 204 of the County Law grants county legislatures the authority to establish and abolish positions of employment. Thus, the Cortland County Legislature had the power to abolish petitioner's position. Petitioner's contention that the legislature in enacting Resolution No. 515 acted in bad faith and not for reasons of economy is rejected. The burden of proving lack of good faith is on the party who challenges the validity of the abolition (*Switzer v Sanitary Dist. No. 7, Town of Hempstead, County of Nassau,* 59 AD2d 889, 890) and petitioner has failed to meet that burden here. We note that the instant case involves the enactment of a "nonlegislative" resolution by the Cortland County Legislature and thus, review of Resolution No. 515 may properly be had in this article 78 proceeding (*Press v County of Monroe,* 50 NY2d 695, 703-704). We have examined petitioner's other arguments for reversal and find them to be without merit. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.