### Bertram Work, Jr. v. Mount Abraham Union High School Board of Directors

[483 A.2d 258]

No. 82-438

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 7, 1984

96

*James S. Suskin,* Montpelier, for Plaintiff-Appellee.

*Donald C. Arbitblit* of *Langrock Sperry Parker and Wool,* Middlebury, for Defendant-Appellant.

**Hill, J.** The defendant, Mount Abraham Union High School Board of Directors (Board), appeals the issuance of an injunction ordering the plaintiff, Bertram Work, Jr. (Work), be continued in his employment with the defendant for the 1982–83 school year. We reverse.

In July of 1980, the plaintiff was hired by the Board to teach at the Mount Abraham Union High School for the 1980–81

school year. Mr. Work's teaching assignment for that year was to conduct the newly created in-school suspension room by providing instruction for suspended students. For the following school year, Mr. Work was asked if he would be interested in filling in for the remedial reading teacher who was planning to take a one-year leave of absence. Work expressed interest in this assignment and was so employed for the 1981–82 school year. Mr. Work knew that the remedial reading assignment was probably only for one year and that the teacher whom he was replacing would be entitled to that position upon his return.

During the summer of 1981, the Board determined that a professional teacher was not needed for the suspension room and that the elimination of the position would save money. The Board therefore eliminated the teaching position for the suspension room and staffed the room instead with teacher aides.

In the fall of 1981, the original remedial reading teacher notified the school board of his intent to return to his position for the 1982–83 school year. Subsequently, Mr. Work received notice from the superintendent of the school district that his contract would not be renewed for the 1982–83 school year because his previous position as suspension room supervisor was eliminated, and because the original remedial reading teacher was returning to his job.

In May of 1982, after Mr. Work received notice of the non-renewal of his contract, notices were posted of teaching positions open for the 1982–83 school year. Mr. Work applied for two of the positions and was interviewed for them but was not hired. He then filed for a hearing before the Board claiming that because he was certified to teach in the areas for which there were openings, he was entitled to be transferred to one of them. After a hearing, the Board affirmed the nonrenewal of Mr. Work's contract finding that the positions for which he was previously assigned were substantially different from those available for which he applied. Mr. Work appealed the Board's decision to the superior court. After a hearing, the superior court made findings and concluded that the Board did not have just cause for the nonrenewal of Mr. Work's contract and ordered that his employment be continued for the 1982–83 school year.

On appeal, the Board raises two issues for our consideration. The first claim is that the superior court erred in finding that the Board had insufficient cause for the nonrenewal of Mr. Work's contract.

Title 16 V.S.A. § 1752(b) states in part:

> Unless otherwise negotiated, a teacher under contract to teach in a public school whose contract is not to be renewed for the ensuing year for just and sufficient cause shall be notified in writing, setting forth the grounds therefor no later than April 15.

The notice of nonrenewal was not questioned by Mr. Work. On the issue of just cause for the nonrenewal of Mr. Work's contract, the trial court concluded that because there were no provisions in Mr. Work's contract specifically limiting it either to the duration of the original remedial reading teacher's leave of absence or to a particular assignment, there is no just cause for its nonrenewal.

 The trial court, however, misconstrued the meaning of "just cause." The objective of a just cause requirement is " 'to remove from the employer the right to fire employees arbitrarily.' " *In re Muzzy*, 141 Vt. 463, 468, 449 A.2d 970, 972 (1982) (quoting *In re Harrison*, 141 Vt. 215, 220, 446 A.2d 366, 368 (1982)). This Court has consistently stated that "[j]ust cause means some substantial shortcoming detrimental to the employer's interests which the law and sound public opinion recognize as a good cause for dismissal." *In re Gage*, 137 Vt. 16, 18, 398 A.2d 297, 298 (1979) ; accord *In re Muzzy*, *supra*, 141 Vt. at 468, 449 A.2d at 972; *In re Harrison*, *supra*, 141 Vt. at 220, 446 A.2d at 368; *In re Brooks*, 135 Vt. 563, 568, 382 A.2d 204, 207 (1977). Thus, the lower court's finding that Mr. Work's employment contract was not specifically limited to a particular assignment or a certain duration does not preclude there being just cause to support the nonrenewal.

 Based on the trial court's findings, we conclude that there is just cause to uphold the Board's decision. When Mr. Work accepted the assignment to fill in for the remedial read-

ing teacher, he knew that the assignment was probably only for one year, and that the regular teacher would be able to return to the position after his leave of absence. Thus, upon that teacher's return, the position was not available for Mr. Work to fill. Additionally, Work's original position as suspension room supervisor was not available because of its elimination by the Board. The combined effect of these two situations provided the Board with just cause for the nonrenewal of Mr. Work's contract.

■■■■ The elimination of a position for administrative or economic reasons provides just cause for the nonrenewal of a teacher's contract. Title 16 V.S.A. § 563 provides:

The school board of a school district, in addition to other duties specifically assigned by law, shall:

. . . .

(12) Upon prior recommendation by the superintendent employ and dismiss such persons as may be required to carry out the work of the school district.

This statute permits school boards to eliminate positions and dismiss persons holding those positions provided such is needed to carry on the work of the school district. In other states it is also within the authority of the school boards to abolish positions. See *Currier* v. *Tompkins-Seneca-Tioga Board of Cooperative Educational Services,* 80 A.D.2d 979, 979, 438 N.Y.S.2d 605, 606 (1981) (Board may abolish positions even where discharge of tenured employee results) ; *Ryan* v. *Ambach,* 71 A.D.2d 719, 719, 419 N.Y.S.2d 214, 216 (1979) (Board may abolish positions for economic reasons) ; *Brinser* v. *Cumberland-Perry Area Vocational-Technical School Joint-Operating Committee,* 44 Pa. Commw. 554, 405 A.2d 964, 967 (1979) (Board may abolish position when in its discretion position no longer needed). The exercise of a school board's authority to eliminate positions and dismiss persons pursuant thereto as needed must necessarily carry with it just cause; otherwise such authority is rendered meaningless. Thus when the school board determined that a teacher was not needed to

staff the suspension room, it had just and sufficient cause not to renew Mr. Work's contract.

The superior court determined that there was no just cause for the nonrenewal because Mr. Work's contract did not include an assignment to any specific position. To find such would preclude the school board from ever dismissing a teacher in connection with the elimination of a position because all the standard one-year professional teaching contracts are not specific as to assignment. The school board therefore had just and sufficient cause not to renew Mr. Work's teaching contract for the 1982–83 school year.

The second issue raised is whether Mr. Work was entitled to one of the open positions for the 1982–83 school year. The superior court determined that Mr. Work was entitled to be hired for one of those open positions. We disagree. At the time the positions became available in May of 1982, Mr. Work had already received his notice of nonrenewal for the following year. He was then in the same position as other applicants for the openings and was entitled to no preferential treatment. A school board has a duty "to make its hiring decisions consonant with its judgment as to the maximum benefit to the school district." *State* v. *Whitingham School Board,* 138 Vt. 15, 20, 410 A.2d 996, 999 (1979). Just because a teacher is certified to teach a particular subject or subjects and is already teaching within the school district does not give that teacher any preferential rights as to open positions. Under the circumstances, the Board committed no error in failing to hire Mr. Work instead of other applicants whom the Board believed to be more qualified.

For the above reasons, we rule that the superior court erred in concluding that Mr. Work should be employed by the Mt. Abraham Union High School Board of Directors for the 1982–83 school year.

*Reversed.*