OPINION OF THE COURT
Thomas F. McGowan, J.
In October of 1978, petitioner was appointed to the position of Director of Economic Development and Planning of Niagara County (County). In June of 1984 the Niagara County Legislature (Legislature) abolished petitioner’s position, effective July 31,1984. At about the same time, the Legislature created a new post of Director of Planning and Industrial Development. Pursuant to an agreement with the Niagara County Industrial Development Agency (NCIDA), the person serving in this position was also to serve as the Executive Director to the NCIDA and of the Niagara Development Corporation (NDC) and was to be selected upon the concurrence of both the County and the *938 NCIDA. Respondent Nowak has been appointed to the new position, effective August 1, 1984.
Petitioner contends that as an honorably discharged veteran, he is entitled to security of tenure pursuant to Civil Service Law §§ 75, 86. Respondents argue that petitioner is not a qualified veteran pursuant to those sections and that, even if he were, the new position is not similar to the abolished position which he formerly held.
Respondents Legislature and NCIDA allege.in paragraph 18 of their reply that the position held by petitioner should have been classified within the “unclassified” service because the position was that of a head of a department. The mere fact that the County created and named the “Department” of Economic Development and Planning does not necessarily describe a “department of the government” as that term is used in Civil Service Law § 35 (e) (see, Matter of Neff v Falk, 10 AD2d 789, affd 9 NY2d 1004; Matter of Broome County v New York State Civ. Serv. Commn., 73 Misc 2d 408, affd 43 AD2d 995). Further, exhibit A of the petition shows that at the time of petitioner’s appointment, his position was in the noncompetitive class, which in turn is in the classified service (Civil Service Law § 40). Respondents offer no proof that in fact, petitioner’s former position was at any time classified as anything other than as indicated in that exhibit.
Respondents also contend that petitioner is not a qualified veteran under the two Civil Service Law provisions because he was not a resident of New York State at the time of his entrance into the Armed Forces. Civil Service Law § 85 (1) (a) defines veteran as “a member of the armed forces of the United States who served therein in time of war, who was honorably discharged * * * who was a resident of this state at the time of entrance into the armed forces * * * and who is a citizen * * * or an alien lawfully admitted for permanent residence”. Section 86 applies to “any honorably discharged veteran of the armed forces of the United States who served therein in time of .war as defined in section eighty-five of this chapter”. Section 75 employs similar language. Respondents argue that the phrase, “as defined in section eighty-five”, refers to the word “veteran” rather than the phrase “in time of war”.
This court does not agree. NY Constitution, article V, § 6 provides that appointments and promotions in the civil service “shall be made according to merit and fitness” but specifically gives preferential treatment to certain veterans. When a statute *939 affords a broader preference than that granted by the Constitution, it will be struck down (see, e.g., Matter of Keymer, 148 NY 219). However, statutes which place a limit upon the removal of persons employed in the public service do not offend this constitutional provision (Matter of Meenagh v Dewey, 286 NY 292; Matter of Stutzbach, 168 NY 416). Because the requirement of State residency at the time of entrance into the Armed Forces is a constitutional requirement, it must be duplicated in section 85, pertaining to preferences in appointment. On the other hand, the Legislature could very well have decided, as it did in the case of volunteer firemen, that a certain class, such as war veterans who were not State residents at the time of entry into service, should be afforded security of tenure benefits pursuant to sections 75 and 86 even though such class could not, constitutionally, be granted a hiring preference.
The legislative history confirms this view. The present language of sections 75 and 86 was enacted in 1958 when the Civil Service Law was recodified. Prior to that time, former Civil Service Law of 1909 § 22 contained both the removal procedures now embodied in section 75 and the transfer provisions set forth in section 86. It is important to note that section 22, as it existed in 1957 immediately prior to the recodification, had its own exhaustive provisions enumerating those veterans who qualified for security of tenure benefits, without reference to the definition of veteran contained in section 21 (the predecessor of Civil Service Law § 85). Section 21 (1) (a) required residency “at the time of entrance into the armed forces of the United States”; section 22 did not. On the other hand, the section 21 (1) (c) definition of “time of war” coincided with the separately enumerated time of service requirements of section 22. There is nothing in the legislative history of the recodification to indicate an intent at that time to restrict the class of veterans which theretofore had been covered by section 22 by incorporating the section 21 definition of veteran, including its residency requirement, into the successor of section 22.
Further, were we to adopt respondents’ construction of sections 75 and 86, a redundancy would result. Had the drafters of these two sections intended to adopt the section 85 (1) (a) definition of “veteran”, they could have easily done so without use of the phrase “of the armed forces of the United States who served therein in time of war”. After all, these exact words are already set forth in section 85. There is no redundancy, however, if sections 75 and 86 are read as incorporating the section 85 definition of “time of war” rather than its definition of “veteran".
*940 Consequently, as the holder of a position in the noncompetitive classified service and a qualified veteran, petitioner is entitled to the protections of Civil Service Law §§ 75, 86.* The position of a protected veteran may be abolished for reasons of economy or efficiency (Matter of Vasquez v Town Bd., 72 AD2d 883; Switzer v Sanitary Dist. No. 7, 59 AD2d 889; Matter of Dougherty v Makowski, 49 AD2d 424; Matter of Spawn v Fleming, 208 App Div 582), but not as a subterfuge to avoid the section 75 requirement of a hearing prior to discharge (Switzer v Sanitary Dist. No. 7, supra). Such position may not be abolished, the incumbent discharged, and a new employee hired to perform substantially the same or similar work (supra). Alternatively, even if the position is abolished in good faith, a veteran is entitled to a transfer “to a similar position wherein a vacancy exists” (Civil Service Law § 86) or to a similar position created at the same time his was abolished (see, People ex rel. Davison v Williams, 213 NY 130; Matter of Jones v Willcox, 80 App Div 167; Laverpool v New York City Tr. Auth., 114 Misc 2d 1051).
The right to a transfer to a “similar” position pursuant to section 86 has constitutional bounds. As stated in Matter of Meenagh v Dewey (supra, at p 301): “[Any] honorably discharged soldier whose position has been abolished, though entitled to be transferred * * * is not entitled to transfer or appointment to such a position unless, in manner authorized by the Constitution, he has shown his fitness to fill the position. (Matter of Me Ñamara v. Hotting, 282 N. Y. 109)”. “To prove a right to be transferred to duty in another position, there must be evidence of appointment to a position * * * which entitled the incumbent to be employed in the same duties as those which are attached to the position to which transfer is sought” (supra, p 305).
In the instant case, the Legislature, by Resolution No. 251-84, specified that the new appointee was to have additional duties over and above those formerly performed by petitioner. The new appointee was to act not only as the County Director of Economic Development and Planning, but was to assume the NCIDA post, a position outside County government. As petitioner aknowledged in paragraph 8 of his affidavit, one of the duties of the NCIDA position, the issuance of industrial development bonds, was not a part of his powers or duties in his former position. Thus, although petitioner may in fact be well qualified to issue industrial development bonds (or to perform any of the other duties of the Executive Director of the NCIDA), this was *941 not a duty in which he was “entitled * * * to be employed” (Matter of Meenagh v Dewey, supra, p 301), as Director of Economic Development and Planning. The new position is not, therefore, “similar” to the old, and the first cause of action for relief pursuant to section 86 is dismissed.
Petitioner’s third cause of. action alleges in the alternative that he is entitled to a transfer to the “similar” vacant position of chief planner. Petitioner has the burden of proving that a “vacancy” exists (Matter of Clancy v Halleran, 263 NY 258; Matter of Breckenridge, 160 NY 103; Matter of Jones v Carey, 55 AD2d 260). He alleges that the chief planner position is almost identical to his former position except that it entails a lower degree of responsibility. He does not, however, controvert respondents’ allegation that the position was not funded in the 1984 budget. Logic dictates that just as an appointing body need not retain a veteran in a position which, for reasons of economy or efficiency, it seeks to abolish (see, Matter of Spawn v Fleming, supra), so too it may not be compelled to fund a “similar” position so that a veteran whose position has been eliminated may, pursuant to the transfer provisions of Civil Service Law § 86, be retained in the public service. There is, therefore, no vacancy in the chief planner position, and petitioner’s third cause of action is also dismissed.
Petitioner alleges in his second cause of action pursuant to section 75 that his position was abolished for the “sole purpose” of substituting respondent Nowak for petitioner “in essentially the same position”. Respondents simply deny this. Reasons of economy or efficiency would, of course, serve to justify the County’s actions.
It is undisputed that the NCIDA position (which, it appears, has been vacant since July of 1983) and the former County position of Director of Economic Development and Planning, have been consolidated into one position. Yet the fact of consolidation does not necessarily demonstrate efficiencies or economies for Niagara County government, particularly where only one post was a County position before consolidation. From a purely cost standpoint, the NCIDA has agreed to reimburse the County for 50% of the salary and fringe benefits of the new position, but at the same time, the salary of the new position has been increased substantially over that paid to petitioner. If the costs of funding the new position are substantially the same as the costs of the old, it may well be that Niagara County will be getting less for its money, since the occupant of the new position will be required to spend some of his time on NCIDA business, and away from strictly County work.
*942 Further, it is clear that petitioner’s former duties have not been eliminated or parceled out to present County employees. Indeed, it appears that the new Director of Planning and Industrial Development will perform all the functions that the Director of Economic Development and Planning had formerly performed. The only change is the addition of the duties of the Executive Director of the NCIDA. If these duties are insubstantial, it may be said that for purposes of section 75, the new position is “substantially the same” or “similar” to the position which was abolished (see, Switzer v Sanitary Dist. No. 7, supra, p 890). A trial is therefore required on the second cause of action.
Accordingly, a trial is ordered. The fourth and fifth causes of action have been withdrawn, and they, along with the first and third causes of action, are dismissed.

 The county makes no claim that petitioner is not entitled to the benefits of these sections because his position was that of “private secretary, cashier or deputy of any official or department” (Civil Serice Law § 86).