■ In the Matter of DEPARTMENT OF PERSONNEL OF THE CITY OF NEW YORK et al., Appellants, v NEW YORK CIVIL SERVICE COMMISSION et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about February 22, 1990, which denied the petition of the petitioners to annul that portion of the determination of the respondent New York Civil Service Commission, dated April 6, 1989, which awarded back pay to the respondent Greco, and which granted the respondent Greco's cross petition to the extent of directing the petitioners to provide him with seniority, service credit and other benefits from the period of his termination to the date of his actual reinstatement, in addition to back pay, less any outside earnings or other compensation, unanimously modified, on the law,

to grant the petition of the petitioners and to annul that portion of the determination as awarded the respondent Greco back pay, without costs.

The respondent Greco was appointed to the position of Police Officer, pending the completion of a background investigation. Based on this investigation, the petitioners determined that he was not qualified for the position because he had omitted material facts on his application and had demonstrated unsuitable character. Pursuant to section 50 (4) of the New York Civil Service Law, which allows a municipal civil service commission to disqualify an applicant within three years of appointment, Greco was found not qualified by the petitioner Personnel Director.

Following a hearing, the Civil Service Commission reversed the determination of the Personnel Director and held that Greco was to be restored to his position as a Police Officer within 30 days of the date of its determination. The Commission awarded Greco back pay for the period he was off the payroll until the date of his reinstatement, less any outside earnings, unemployment benefits or other compensation.

The petitioners thereafter instituted a CPLR article 78 proceeding in Supreme Court to challenge the Civil Service Commission's award of back pay. Greco filed a cross petition seeking reinstatement, back pay, seniority and other benefits. The Supreme Court denied the petition and granted the cross petition to the extent that the petitioners were directed to provide Greco with back pay, seniority, service credit and other benefits due him from the period of his termination to the date of his actual reinstatement, less any outside earnings, unemployment benefits or other compensation.

The petitioners maintain that it was error to award Greco back pay since section 77 of the Civil Service Law only authorizes an award of back pay to an employee who is reinstated by order of the Supreme Court and that in the absence of such authority, the award of back pay amounted to an unconstitutional gift of public funds. We agree.

The Court of Appeals, on facts nearly identical to those presented in the instant case, recently decided these issues in *Matter of Department of Personnel v New York City Civ. Serv. Commn.* (79 NY2d 806). The Court held *(supra,* at 807) that "[t]he power to award back pay is neither expressly given nor may it necessarily be implied as part of the [Civil Service] Commission's delegated powers. In the absence of such authority, the Commission may not grant back pay *(see, Matter of*

*City of Mount Vernon v State of New York Bd. of Equalization & Assessment,* 92 AD2d 985, 988)." The Court further found that since the officer in that case was reinstated by the Commission, rather than by the Supreme Court, section 77 of the Civil Service Law was inapplicable *(supra; cf., Matter of Sterling v Levitt,* 168 AD2d 314, *lv denied* 77 NY2d 810).

As in *Matter of Department of Personnel v New York City Civ. Serv. Commn. (supra),* the award of back pay to the respondent Greco was unauthorized since he was reinstated by the Commission, not the Supreme Court. Accordingly, the order and judgment are modified to grant the petition and to annul that portion of the determination which awarded the respondent Greco back pay. Concur—Murphy, P. J., Carro, Rosenberger, Wallach and Ross, JJ.