OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Having been appointed from the outset to a permanent position in the classified civil service, petitioner was entitled to be credited with her part-time service for purposes of determining her seniority under Civil Service Law § 80 (1). Contrary to respondent’s argument, an appointment may be "permanent” within the meaning of Civil Service Law § 80 (1) and (2) even if the position calls for only part-time work.
We also reject respondent’s contention that petitioner’s position was seasonal or temporary because she worked only during the 10-month school year for the six years before she was laid off. The only statutory provision for temporary appointment to classified positions is Civil Service Law § 64, and there is no claim that petitioner’s appointment fits within the terms of that statute. Indeed, section 64 forbids successive appointments to the same position, suggesting that the six years of temporary appointments respondent claims occurred would have been illegal.
Finally, because she was improperly laid off, petitioner is entitled to an award of back pay without any deduction for amounts she may have earned before she was restored to her position (Civil Service Law § 77). We decline to adopt respondent’s contention that Civil Service Law § 77 applies only to removals resulting from title B disciplinary hearings, since nothing in the statute’s language suggests such a limitation. Indeed, the statute applies, by its terms, to employees who are removed "in violation of the provisions of this chapter” (emphasis added) and is, in fact, the only provision for awarding relief to a civil service employee who is determined to be entitled to reinstatement. Moreover, respondent’s restrictive interpretation of section 77 would create the unacceptable anomaly that a wholly innocent discharged employee would receive less relief than those discharged for good cause or misconduct. Thus, the statute, including its provision for full reimbursement without offset, was properly applied to petitioner’s case.
*871 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, with costs, in a memorandum.