■ In the Matter of JAKE BELLO, PH.D., et al., Respondents-Appellants, v ROSWELL PARK CANCER INSTITUTE et al., Appellants-Respondents. (Appeal No. 2.) [773 NYS2d 730]—

Appeal and cross appeal from an amended judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered September 26, 2003 in a proceeding pursuant to CPLR article 78. The amended judgment, inter alia, granted the petition for reinstatement of petitioners to their reclassified positions and awarded them back pay.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously modified on the law by vacating those parts reinstating petitioners retroactively either to the reclassification date or to the original date of hire and providing that petitioners are reinstated effective September 26, 2003 and awarded back pay at their respective rates of pay as of their respective termination dates and as modified the amended judgment is affirmed without costs.

Memorandum: Respondents appeal and petitioners cross-appeal from an amended judgment that, inter alia, reinstated petitioners to their respective reclassified positions and awarded them back pay. Petitioners are research scientists who were determined by Supreme Court to have been wrongfully terminated in violation of their seniority rights (*see* Civil Service Law § 80-a).

We reject respondents' contention that petitioners should have been reinstated to their former job titles (*see* Civil Service Law § 77). As the court properly determined, the duties and responsibilities of the abolished titles are substantially "similar [to] or the same" as the reclassified titles, and thus we agree

with petitioners that there is such a similarity between the abolished titles and the reclassified titles as to entitle them to reinstatement to the reclassified titles (*see e.g. Matter of Mc-Canless v Brieant*, 19 AD2d 736, 737 [1963]). The court erred, however, in reinstating petitioners retroactively, either to the reclassification date or to the original date of hire. Petitioners were reinstated when the court by its amended judgment restored petitioners to their positions (*see generally Matter of Department of Personnel of City of N.Y. v New York Civ. Serv. Commn.*, 180 AD2d 449 [1992], *lv denied* 80 NY2d 755 [1992]). Thus, we modify the amended judgment accordingly.

The court further erred in awarding petitioners back pay as of their respective dates of hire rather than their respective termination dates (*see* Civil Service Law § 77). Because they were improperly terminated, petitioners are entitled to an award of back pay based on their salaries at the time of termination "without any deduction for amounts [they] may have earned before [they were] restored to [their] position[s]" (*Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Brookhaven-Comsewogue Union Free School Dist.*, 87 NY2d 868, 870 [1995]; *see Civil Service Law* § 77). We therefore further modify the amended judgment accordingly.

We have considered the parties' remaining contentions and conclude that they lack merit. Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.